**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Alexander von Brandenfels,

      Plaintiff,

vs.

LTL LED, LLC, d/b/a Wolf River Electric,

      Defendant.

Court File No.: 0:26-cv-01559-ECT/DTS

**ANSWER, AFFIRMATIVE DEFENSES,**
**AND DEMAND FOR JURY TRIAL**

---

Defendant LTL LED, LLC, d/b/a Wolf River Electric (hereinafter "Defendant"), for its

Answer, Affirmative Defenses, and Demand for Jury Trial, states and alleges as follows:

## GENERAL DENIAL

Except as otherwise admitted or specifically qualified, Defendant denies each and every

allegation and statement contained in Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

1.     Affirmatively alleges that Plaintiff's Complaint fails to state a claim upon which

relief can be granted.

2.      Affirmatively alleges that Plaintiff's claims are barred, in whole or in part, by the

doctrine of accord and satisfaction.

3.     Affirmatively alleges that Plaintiff's claims are barred, in whole or in part, by the

doctrine of assumption of risk.

4.     Affirmatively alleges that Plaintiff's claims are barred, in whole or in part, by

Plaintiff's contributory negligence.

5. Affirmatively alleges that Plaintiff's claims are barred, in whole or in part, by duress.

6. Affirmatively alleges that Plaintiff's claims are barred, in whole or in part, by fraud.

7. Affirmatively alleges that Plaintiff's claims are barred, in whole or in part, by illegality.

8. Affirmatively alleges that Plaintiff's claims are barred, in whole or in part, by the doctrine of injury by fellow servant.

9. Affirmatively alleges that Plaintiff's claims are barred, in whole or in part, by laches.

10. Affirmatively alleges that Plaintiff's claims are barred, in whole or in part, by license.

11. Affirmatively alleges that Plaintiff's claims are barred, in whole or in part, by release.

12. Affirmatively alleges that Plaintiff's claims are barred, in whole or in part, by res judicata.

13. Affirmatively alleges any other matter constituting an avoidance or affirmative defense.

14. Affirmatively alleges that Plaintiff's claims are barred because Defendant has established and implemented, with due care, reasonable practices and procedures pursuant to 47 U.S.C. § 227(c)(5).

15. Affirmatively alleges that Plaintiff lacks standing, in whole or in part, because Plaintiff has not suffered an injury in fact, or any injury fairly traceable to Defendant's alleged conduct, sufficient to confer standing.

2

16.     Affirmatively alleges that Plaintiff's claims are barred, in whole or in part, because any call(s) and/or text message(s) alleged in the Complaint were made with Plaintiff's prior express consent, prior express invitation, and/or prior express permission.

17.     Affirmatively alleges that Plaintiff's claims are barred, in whole or in part, because any alleged communication(s) were made pursuant to an established business relationship and/or other applicable exemption, defense, or limitation recognized by the TCPA and applicable regulations.

18.     Affirmatively alleges that Plaintiff's claims are barred, in whole or in part, because the alleged call(s) did not use an artificial voice or prerecorded voice within the meaning of the TCPA or applicable implementing regulations.

19.     Affirmatively alleges that Plaintiff's claims are barred, in whole or in part, because the alleged communication(s) did not constitute "telemarketing," "telephone solicitations," or other actionable communications within the meaning of the TCPA and applicable regulations.

20.     Affirmatively alleges that Plaintiff's claims are barred, in whole or in part, because Defendant maintained and implemented reasonable practices and procedures designed to comply with the TCPA and any applicable do-not-call requirements, and Defendant is therefore entitled to any applicable safe harbor, defense, limitation, or exemption.

21.     Affirmatively alleges that Plaintiff is not entitled to treble damages or any enhanced statutory damages because Defendant did not knowingly, intentionally, or willfully violate the TCPA or any applicable regulation.

22.     Affirmatively alleges that, to the extent any act or omission alleged in the Complaint was committed by a third party, including any independent contractor, vendor, lead generator, marketer, platform, or other non-employee, Defendant is not liable absent proof

sufficient to establish agency, authority, control, ratification, or any other legally sufficient basis for vicarious liability.

23. Affirmatively alleges that if Plaintiff suffered any loss, damage, or injury, which is expressly denied, such loss, damage, or injury was not caused, either legally or proximately, by any act or omission of Defendant.

24. Affirmatively alleges that Plaintiff failed in his duty to mitigate damages.

25. Affirmatively alleges that Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, acquiescence, consent, and/or unclean hands.

26. Affirmatively alleges that Plaintiff is not entitled to injunctive or other equitable relief because Plaintiff has an adequate remedy at law and cannot satisfy the requirements for such relief.

27. Defendant reserves the right to amend these Affirmative Defenses and allege further Affirmative Defenses as appropriate, or as may be revealed through investigation, discovery, motion practice, or further proceedings.

## <u>ANSWER</u>

28. Defendant admits the allegations in Paragraphs 5, 18, and 43 of the Complaint.

29. Defendant denies the allegations of Paragraphs 34, 35, 36, 37, 38, 39, 40, 47, 48, 49, 50, 51, 52, 54, 57, 58, 59, 60, 63, and 64 of the Complaint and puts Plaintiff to its strictest burden of proof thereon.

30. As to the allegations contained in Paragraphs 1, 4, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 41, 42, 44, 46, and 53  of the Complaint, Defendant states that it lacks sufficient information at this time to either admit or deny the allegations therein, and therefore denies the same and puts Plaintiff to its strictest burden of proof thereon.

31. As to Paragraphs 2, 3, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 45, 55, and 62 of the Complaint, Defendant states that said Paragraphs constitute legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendant denies the same and puts Plaintiff to its strictest burden of proof thereon.

32. As to Paragraphs 56 and 61 of the Complaint, Defendant states that said Paragraphs incorporate prior allegations, to which Defendant has already responded. To the extent that a further response is required, Defendant denies the same and puts Plaintiff to its strictest burden of proof thereon.

33. As to Paragraphs 65, 66, 67, 68, and 69 of the Complaint, Defendant denies that Plaintiff is entitled to the relief requested therein, including any damages, injunctive relief, costs, attorneys' fees, or any other relief.

34. As to Paragraph 17 of the Complaint, Defendant admits only that Plaintiff previously filed a complaint against Defendant alleging violations of the TCPA. Defendant denies any remaining allegations in Paragraph 17. Defendant further states that Plaintiff solicited information from Defendant and invited the telephone communications at issue, and that the prior action was later dismissed after Defendant served Plaintiff with a sanctions notice.

## **DEMAND FOR JURY TRIAL**

35. Defendant hereby demands a trial by jury on all claims, issues, and causes of action so triable.

**WHEREFORE**, Defendant requests the Order of the Court as follows:

36. For an Order of the Court dismissing the Complaint against Defendant with prejudice.

37.    For an Order of the Court entering Judgment in Defendant's favor and against Plaintiff.

38.    For an Order of the Court awarding Defendant its costs, disbursements, and attorney's fees herein.

39.    For such other and further relief as the Court deems just and equitable.

Dated: March 24, 2026

*Nicholas J. Kasprowicz*
Nicholas J. Kasprowicz #403808
General Counsel
Wolf River Electric
100 Isanti Parkway NE
Isanti, MN  55040
Office: (612) 305-8410
Nick@wolfriverelectric.com
**Attorney for LTL LED LLC**

6