**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

---

Alexander von Brandenfels,

     Plaintiff,

v.

LTL LED, LLC,

     Defendant.

Case No. 26-cv-1559 (ECT/DTS)

**NOTICE OF AND ORDER FOR
PRETRIAL CONFERENCE**

---

Pursuant to Rule 16(a) of the Federal Rules of Civil Procedure, a pretrial conference will be held before United States Magistrate Judge David T. Schultz on **May 5, 2026** at **9:30 a.m.** in Courtroom 9W in the United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota.

### Meeting of Counsel

Counsel must meet before the scheduled pretrial conference pursuant to Rule 26(f) of the Federal Rules of Civil Procedure under Local Rule 26.1. At the meeting counsel shall consider and discuss each item on the Rule 26(f) report form attached. No later than **seven days prior to the pretrial conference, the parties must prepare and file a joint Rule 26(f) Report in using the attached Rule 26(f) template**. A copy of the 26(f) Report in Word format should be emailed to Magistrate Judge Schultz at Schultz_chambers@mnd.uscourts.gov at the time of the joint filing.

To the extent that the parties cannot reach agreement on any particular item regarding scheduling or discovery, they should set forth their separate positions in the Rule 26(f) Report for discussion at the pretrial conference.

### Consent to the Magistrate Judge

If both parties consent to trial by the magistrate judge pursuant to 28 U.S.C. § 636(c) they must provide the information included on the Rule 26(f) report, execute the attached consent form and electronically file said form pursuant to Section II, Part F, of the ECF Procedures for the District of Minnesota (Civil). Consent to the jurisdiction of the Magistrate Judge does not waive any party's right to a jury trial or to an appeal.

### Settlement Letter

In addition to the Rule 26(f) Report, each party **must** email to Magistrate Judge Schultz's chambers, **at least seven days** prior to the pretrial conference, a 1-2 page

confidential letter setting forth what settlement discussions have taken place, whether the party believes an early settlement conference would be productive, and what discovery or motion practice might be needed prior to such a conference.

## Telephonic Appearances

In-person appearances at the Rule 16 conference are strongly favored. Any request to participate by telephone must be made by contacting the Courtroom Deputy at 612-664-5460, no later than three business days prior to the pretrial conference.

## Unrepresented Parties

If any party does not have counsel of record in this case, it is the responsibility of counsel to immediately notify that party of this conference and of the requirements set forth in this notice.

## Other

Counsel should contact Magistrate Judge Schultz's Courtroom Deputy at 612-664-5460, with respect to any matters concerning the pretrial conference.


Dated: March 25, 2026                                   __s/ David T. Schultz_____
                                                        DAVID T. SCHULTZ
                                                        United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

x,                                                      Case No.  x-cv-x (x/DTS)

      Plaintiff,

v.                                                      **RULE 26(F) REPORT**

x,

      Defendant.

---

The parties/counsel identified below conferred as required by Fed. R. Civ. P. 26(f) and the Local Rules on _____ and prepared the following report.

The initial pretrial conference required under Fed. R. Civ. P. 16 and LR 16.2 is scheduled for **x x,** at **x a.m.** before United States Magistrate Judge David T. Schultz in Courtroom 9E, United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota.

Counsel have reviewed the amendments to the Federal Rules of Civil Procedure effective December 1, 2015 and are familiar with the amendments.

### TRIAL BY MAGISTRATE JUDGE

28 U.S.C. § 636(c) permits parties to consent to the jurisdiction of the magistrate judge for all pre-trial and trial proceedings. Parties who consent to the magistrate judge **do not** waive their right to a jury trial or their right to appeal directly to the Eighth Circuit from any judgment that is entered. They will also retain the ability to engage in a settlement conference presided over by a magistrate judge in this district. **If, but only if, the parties consent to the magistrate judge they may request a date certain for trial set at the Rule 16 conference, and a date certain for trial will be set at that time.**

The parties **do/do not** consent to jurisdiction of the magistrate pursuant to 28 U.S.C. § 636(c).

The parties **do/do not** wish to receive a date certain for trial at the Rule 16(a) conference?

3

## DESCRIPTION OF THE CASE

1.      Concise factual summary of Plaintiff's claims:

2.      Concise factual summary of Defendant's claims/defenses:

3.      Statement of jurisdiction (including statutory citations):

4.      Summary of factual stipulations or agreements:

5.      Statement of whether a jury trial has been timely demanded by any party:

6.      Statements as to whether the parties agree to resolve the matter under the Rules of Procedure for Expedited Trials of the United States District Court, District of Minnesota, if applicable:

## PLEADINGS

Statement as to whether all process has been served, all pleadings filed and any plan for any party to amend pleadings or add additional parties to the action:

## FACT DISCOVERY

The parties request the Court to establish the following fact discovery deadlines and limitations:

1.      The parties must make their initial disclosures under Fed. R. Civ. P. 26(a)(1) on or before _____. If the parties include a description by category and location of documents, they agree to exchange copies of those initially disclosed.

2.      The parties must complete any physical or mental examinations under Fed. R. Civ. P. 35 by _____.

3.      The parties must commence fact discovery procedures in time to be completed by _____.

4.      The parties have discussed the scope of discovery, including relevance and proportionality, and propose that the Court limit the use and numbers of discovery procedures as follows:

     a.      _____ interrogatories;

     b.      _____ document requests;

4

c.  _____ requests for admission.  The parties have discussed a protocol for the authentication of documents and agree on the following:

d.  _____ factual depositions:

e.  _____ Rule 35 medical examinations; and

f.  The parties have discussed the topic of Rule 30(b)(6) deposition practice and have made the following agreements: _____ .

### EXPERT DISCOVERY

1.  The parties anticipate that they [will/will not] require expert witnesses at the time of trial.

    a.  The Plaintiff anticipates calling _____ (number) experts in the fields of:

    b.  The Defendant anticipates calling _____ (number) experts in the fields of:

2.  The parties propose that the Court establish the following plan for expert discovery:

    a.  Expert Disclosures

        (i)  The identity of any expert who Plaintiff may call to testify at trial and the written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) and/or the disclosure required by Fed. R. Civ. P. 26(a)(2)(C) must be served on or before _____.

        (ii)  The identity of any expert who Defendant may call to testify at trial and the written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) and/or the disclosure required by Fed. R. Civ. P. 26(a)(2)(C) must be served on or before _____.

3.  All expert discovery, including expert depositions, must be completed by _____.

## OTHER DISCOVERY ISSUES

1.    Protective Order

The parties have discussed whether they believe that a protective order is necessary to govern discovery and jointly submit a [proposed protective order/report identifying any areas of disagreement].  Local Rule 5.6 governs filing under seal.  Therefore, any proposed protective order must include the following provisions:  All counsel acknowledge they have reviewed Local Rule 5.6 which governs filing under seal, which procedures are incorporated herein by reference.

2.    Discovery of Electronically-Stored Information

The parties have discussed the scope of electronic discovery, including relevance and proportionality, and any issues about preserving electronic discovery.  The parties have also discussed the form or forms in which electronic discovery should be produced.  They inform the Court of the following agreements or issues:

The parties will further meet and confer by _____ to discuss their plan or formal protocol for electronic discovery.  They agree to present any disputes regarding an electronic discovery plan and protocol to the Court by _____.

3.    Claims of Privilege or Protection

The parties have discussed issues regarding the protection of information by a privilege or the work-product doctrine, as required by Fed. R. Civ. P. 26(f)(3)(D), including whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Evidence 502 and:

a.    Request the Court to include the following agreement in the scheduling order; or

b.    Will include their agreement in their proposed Protective Order.

## MOTION SCHEDULE

The parties proposed the following deadlines for filing motions:

1.    Motions seeking to join other parties must be filed and served by _____.

2.   Motions seeking to amend the pleadings must be filed and served by _____.

3.   Non-Dispositive Motions

   a.   All non-dispositive motions relating to *fact* discovery must be filed and served by _____.

   b.   All other non-dispositive motions, including motions relating to *expert* discovery, must be filed and served by _____.

4.   Dispositive Motions:  All dispositive motions must be served and filed by _____.

## TRIAL

1.   The parties agree that the case will be ready for trial on or after _____.

2.   The anticipated length of the [bench/jury-select one] trial is _____ days.

## INSURANCE CARRIERS/INDEMNITORS

List all insurance carriers/indemnitors, including limits of coverage of each defendant or statement that the Defendant is self-insured.

## SETTLEMENT

The parties have discussed settlement before or at the Rule 26(f) meet-and-confer and each party will e-mail a confidential letter setting forth what settlement discussions have taken place and whether the parties believes an early settlement conference would be productive.

The parties proposed that a settlement conference be scheduled to take place before _____.

Dated:

_____
Plaintiff's Counsel
License No. _____

Address: _____

_____

Phone: _____

7

Dated:

Defendant's Counsel
License No. _____

Address: _____

_____

Phone: _____