**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Alexander M Von Brandenfels,

Plaintiff,

v.

LTL LED, LLC,

Defendant.

Case No. 26-cv-1559 (ECT/DTS)

**PRETRIAL SCHEDULING ORDER**

---

**SUMMARY OF IMPORTANT DATES:**

Initial Disclosures Deadline: **April 20, 2026**

Joinder and Amended Pleadings Deadline: Join: **November 15, 2026**
Amend: **November 15, 2026**

Fact Discovery Completion Deadline: **November 15, 2026**

Expert Deadlines
Disclosures: P – **N/A** D – **N/A**
Rebuttal Reports: **N/A**
Depositions: **N/A**

Non-Dispositive Motion Deadline to **Serve and File: December 15, 2026**

Dispositive Motion Deadline to **file, serve: April 15, 2027**

Trial Ready Date: **August 16, 2027**

# PRETRIAL SCHEDULING ORDER

The following schedule will govern these proceedings unless modified pursuant to Local Rule 16.3.

## INITIAL DISCLOSURES

The parties must make their initial disclosures under Rule 26(a)(1) on or before **April 20, 2026**. If a description by category and location of the documents is offered pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii), the party will provide a copy of their initial disclosure documents by **April 20, 2026**.

## MOTIONS TO AMEND

1. Motions seeking to join other parties must be filed and served by **November 15, 2026**.

2. Motions seeking to amend the pleadings must be filed and served by **November 15, 2026**.

## FACT DISCOVERY

1. Written Discovery

    A. No more than a total of **50** interrogatories, counted in accordance with Rule 33(a), shall be served by either side.

    B. No more than **50** document requests shall be served by each party. Objections to document requests must meet the requirements of amended Rule 34(b)(2)(B).

    C. No more than **50** requests for admissions shall be served by each side.

2. No more than **5** factual depositions, excluding expert witness depositions, shall be taken by each side.

3. The parties must commence fact discovery procedures in time to be completed on or before **November 15, 2026**.

## EXPERT DISCOVERY

1. The parties anticipate that they will not require expert witnesses at the time of trial.

## PRESERVATION OF DOCUMENTS AND ELECTRONIC DISCOVERY

The parties have discussed the scope of discovery, including relevance and proportionality and any issues about preserving discoverable information. The parties have also discussed electronic discovery and agree upon the following:

The parties do not foresee that electronic discovery will be a significant issue in this case and have represented they will work together to resolve any disputes.

## NON-DISPOSITIVE MOTIONS

### A. Dates

1. All non-dispositive motions relating to *fact* discovery must be filed and served by **December 15, 2026**.

2. All other non-dispositive motions, including motions relating to *expert* discovery, must be filed and served by **March 15, 2027**.

### B. Procedures for Discovery Disputes

The Court has both an informal and formal option for resolution of discovery disputes. The process utilized to resolve a particular dispute does not determine the process to be followed to resolve a subsequent dispute.

#### Informal Process

To invoke the informal process described herein, the parties must both agree to use it.

The parties schedule a telephonic hearing by calling the Courtroom Deputy to Magistrate Judge Schultz, at 612-664-5460. Once the moving party has secured a telephonic hearing date, it must promptly notify all parties of that date and time.

Each side shall submit to chambers at least **2 business days** in advance, a letter up to 5 pages in length (Times New Roman, 12-pt. font with 1 inch margins), outlining their argument. **No exhibits will be accepted**. Judge Schultz will issue a decision at the time of the hearing and the parties agree that no appeal of the ruling will be taken.

#### Formal Process

Discovery disputes will not be heard unless the parties have first met and conferred either in-person, telephonically, or by video and made a good-faith effort to settle their dispute, pursuant to revised Local Rule 7.1. **If the parties are unable to resolve the dispute after good-faith efforts, before filing a formal motion the party raising the unresolved issue must secure a pre-motion telephone conference date and time for both parties with Magistrate Judge Schultz.** If the pre-motion telephone conference fails to resolve the issue, the moving party may then file its motion.

If a discovery motion is related to written discovery or the contents of depositions, the parties must fill out a chart (attached) that describes each disputed discovery request and response; each party's position, and the moving party's last offered compromise. This chart must be in Word format and emailed at least three business days before the hearing to chambers at: Schultz_chambers@mnd.uscourts.gov. Failure to provide this chart to

the Court as required by this scheduling order may result in the cancellation of the hearing.

### C. Non-Discovery Non-Dispositive Motion Procedures

All non-dispositive motions must be scheduled for hearing by calling the Courtroom Deputy for Magistrate Judge Schultz, at 612-664-5460 prior to filing, except when all parties agree that no hearing is required. Such an agreement must be expressly set forth in the notice of motion. Once the moving party has secured a hearing date, it must promptly file a notice of motion informing all parties of the nature of the motion and the date, time and location of the hearing, along with complete moving papers as required by Local Rule 7.1. A moving party may not call chambers to "hold" a motion date without filing complete moving papers as required by Local Rule 7.1 unless it receives prior permission from the Court.

Counsel may not notice additional motions for hearing on an already existing hearing date without first contacting the Court for permission. All motions must be filed and served within the time periods set forth in this Order and the Local Rules.

## DISPOSITIVE MOTIONS

All dispositive motions must be filed and served by the moving party on or before **April 15, 2027**. Counsel for the moving party should schedule the hearing shortly before filing their motion papers by calling the Courtroom Deputy for Judge Eric Tostrud at 651-848-1190. The parties must comply with Local Rule 7.1 and the Electronic Case Filing Procedures Guide, Civil Cases.

When scheduling a summary judgment hearing, the parties must notify the Court whether there will be cross-motions for summary judgment so that the Court may enter an appropriate briefing order. The parties should confer about the possibility of cross-motions before contacting chambers to schedule a summary judgment hearing.

Two courtesy copies of all memoranda and one courtesy copy of all supporting documents should be delivered to Judge Tostrud's chambers no later than the next business day after documents are filed on ECF. Judge Tostrud prefers that the courtesy copies be three-hole punched; unstapled; printed double-sided, if feasible; and, if voluminous, appropriately tabbed.

Notwithstanding the foregoing, no party shall bring a dispositive motion pursuant to Fed. R. Civ. P. 56 while formal discovery is ongoing without first obtaining permission from the undersigned magistrate judge. Permission shall be sought by electronically filing via CM/ECF a letter of no more than three (3) pages briefly setting forth the basis for the motion, whether discovery relating to the issue or issues to be addressed by the motion is complete, and why judicial efficiency would be served by allowing the motion to proceed at this time. The other party or parties may file brief letters in support of or in response to the request. Denial of a request for permission to file an interim dispositive motion shall not be taken as an indication of the Court's view about the merits of the proposed motion.

**PRIVILEGE/PROTECTION**

The parties agree to follow the procedure set forth in Fed. R. Civ. P. 26(b)(5)(B) regarding information produced in discovery that is subject to a claim of privilege or protection as trial-preparation material. Pursuant to Fed. R. Evid. 502, the inadvertent production of any documents in this proceeding shall not constitute a waiver of any privilege or protection applicable to those documents.

**PROTECTIVE ORDER**

The parties intend to enter into a protective order. In the interim, any documents that any producing party believes should be governed by a protective order shall be produced to opposing counsel for the attorney's review only and shall not be withheld on the basis that no protective order is yet in place. After the protective order is entered, the producing party must designate the documents under the protective order. Local Rule 5.6 governs filing under seal. Any proposed protective order must include the following provisions: All counsel acknowledge they have reviewed Local Rule 5.6 which governs filing under seal, which procedures are incorporated herein by reference.

**JOINT MOTIONS REGARDING CONTINUED SEALING PURSUANT TO LR 5.6**

See separate order on Joint Sealing.

**TRIAL**

This case shall be ready for jury trial as of **August 16, 2027**. The parties estimate that trial of this matter will take **3** days.

**PRACTICE POINTERS AND PREFERENCES**

Please refer to Magistrate Judge David T. Schultz's Practice Pointers and Preferences which may be found on the Court's website.

Dated: May 15, 2026

s/ David T. Schultz
DAVID T. SCHULTZ
United States Magistrate Judge

**Case Name and Number ________**

Several discovery responses have been identified as deficient in [the moving party's Motion to Compel (ECF No. ______)]. To assist the Court in more efficiently resolving the parties' discovery dispute, the parties shall meet and confer, and jointly complete the following chart. The purpose of this chart is not to repeat, or cut and paste, the arguments present in the parties' memoranda, but to identify succinctly each party's position and the compromise last offered at the meet and confer. Please attach additional sheets as necessary. At least three business days before the hearing, the fully completed chart shall be e-mailed to chambers at Schultz_chambers@mnd.uscourts.gov

| Discovery Request at Issue (state verbatim the request) | Moving Party's Position | Responding Party's Position | Moving Party's Last Offered Compromise | Responding Party's Last Offered Compromise | Court Notes |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

Counsel for Moving Party: ______________________________

Counsel for Responding Party: ______________________________

Date: ______________________________