**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Alexander von Brandenfels,<br><br>Plaintiff,<br><br>v.<br><br>LTL LED, LLC d/b/a Wolf River Electric,<br><br>Defendant. | Court File No.: 0:26-cv-01559-ECT/DTS<br>Case Type: Civil-Other<br><br><br>**DECLARATION OF NICHOLAS KASPROWICZ IN SUPPORT OF DEFENDANT LTL LED LLC'S MOTION FOR PROTECTIVE ORDER** |

I, Nicholas Kasprowicz, state as follows:

1.      I am counsel for LTL LED, LLC d/b/a Wolf River Electric ("Wolf River") in this action. I am an attorney duly admitted to practice before this Court. I submit this Affidavit in support of Wolf River's Motion for Protective Order. I have personal knowledge of the matters stated herein.

2.      Plaintiff has served twenty interrogatories and thirteen requests for production on Wolf River. I have reviewed Plaintiff's discovery requests and participated in preparing Wolf River's responses and objections to those requests.

3.      Plaintiff's discovery seeks, among other things, information and documents concerning:

a. Wolf River's written policies and procedures concerning telemarketing, customer consent, the National Do Not Call Registry, internal do-not-call requests, opt-outs, and suppression or restriction of telephone numbers;

b. Wolf River's customer relationship management ("CRM") records and systems, including records concerning Plaintiff and the manner in which telephone numbers are restricted, suppressed, or designated as do not call;

1

c. The systems, software, platforms, and vendors Wolf River uses or has used for calling, texting, CRM functions, lead management, customer management, and communications with customers or prospective customers;

d. Wolf River's lead sources and information concerning the acquisition, maintenance, and management of prospective-customer leads;

e. Wolf River's procedures for reviewing and documenting consent and determining whether prospective customers may be contacted;

f. Wolf River's internal do-not-call, opt-out, and telephone-number suppression procedures and software controls;

g. Agreements, directives, and other records concerning vendors, contractors, software providers, telephone-service providers, and other persons or entities involved in calling, texting, telemarketing, lead generation, CRM services, or customer communications;

h. Wolf River's internal policies, handbooks, training materials, compliance records, complaint-handling materials, quality-assurance procedures, and related operational records; and

i. Records concerning calls, text messages, telephone numbers, customers, prospective customers, and customer-contact activity maintained within Wolf River's business systems.

4. Plaintiff has also requested direct inspection of Wolf River's software used to make calls from telephone number 952-234-5388. Plaintiff's request specifically seeks inspection concerning how a call is placed, how records of calls are generated, stored, and retrieved, and how the software determines which telephone numbers should be called.

5.      Plaintiff has separately requested inspection of his records within Wolf River's software. Plaintiff has also requested records reflecting all calls made and text messages sent to or from telephone number 952-234-5388 during August and September 2024, without limiting that request to communications involving Plaintiff. That request therefore potentially encompasses records concerning customers, prospective customers, and other third parties who are not parties to this action.

6.      On June 5, 2026, Wolf River served its responses and objections to Plaintiff's first Requests for Production and its answers and objections to Plaintiff's Interrogatories.

7.      In its June 5, 2026 responses to Plaintiff's Requests for Production, Wolf River advised Plaintiff that responsive confidential, proprietary, commercially sensitive, or trade-secret materials would be produced after entry of an appropriate protective order. Wolf River did not take the position that otherwise responsive, nonprivileged documents would not be produced.

8.      On July 13, 2026, Wolf River served its responses and objections to Plaintiff's Second Requests for Production.

9.      In its July 13, 2026 responses, Wolf River again advised Plaintiff that responsive confidential, proprietary, commercially sensitive, or trade-secret materials would be produced after entry of an appropriate protective order. Those responses included Plaintiff's requests concerning Wolf River's telephone records, software, customer records, and agreements relating to telemarketing or calling activity.

10.      Wolf River first raised the need for a protective order with Plaintiff on April 6, 2026, during the parties' conference pursuant to Federal Rule of Civil Procedure 26(f).

11.      The parties thereafter continued discussing Wolf River's request for a protective order. On June 15, 2026, July 8, 2026, and July 20, 2026, Plaintiff and I communicated by email

3

concerning the need for and terms of a protective order.

12.    During those communications, Wolf River provided Plaintiff with a proposed protective order. Wolf River also asked Plaintiff to identify the specific provisions or language in the proposed order to which he objected so that the parties could attempt to resolve any disagreement concerning its terms.

13.    On August 6, 2026, Plaintiff and I met by video conference pursuant to District of Minnesota Local Rule 7.1 and again discussed Wolf River's request for a protective order. During that conference, I explained Wolf River's position that responsive confidential and commercially sensitive information should be produced subject to reasonable restrictions governing its use and disclosure.

14.    Wolf River has not sought an "Attorneys' Eyes Only" restriction. Under the proposed protective order, Plaintiff may personally receive and review information designated confidential and may use that information for purposes of this litigation, subject to the terms of the proposed order.

15.    The proposed protective order applies to qualifying confidential information produced by either party and provides a procedure through which either party may challenge a confidentiality designation.

16.    Despite Wolf River raising the issue during the Rule 26(f) conference, providing Plaintiff with a proposed protective order, communicating with Plaintiff about the issue on multiple occasions, asking Plaintiff to identify his specific objections to the proposed language, and meeting with Plaintiff by video conference, Plaintiff has declined to agree to Wolf River's proposed protective order or to another protective order governing the production and use of confidential information.

17.    Wolf River has maintained throughout these discussions that it is willing to provide relevant, nonprivileged discovery, subject to its objections and reasonable protections governing confidential, proprietary, commercially sensitive, or trade-secret information.

18.    Wolf River now seeks entry of the proposed protective order so that responsive discovery may proceed subject to reasonable restrictions governing the use and disclosure of confidential information.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 12, 2026

*Nicholas J. Kasprowicz*
Nicholas J. Kasprowicz #403808
General Counsel
Wolf River Electric
100 Isanti Parkway NE
Isanti, MN  55040
Office: (612) 305-8410
Nick@wolfriverelectric.com
**Attorney for LTL LED LLC**