**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Alexander von Brandenfels,<br><br>Plaintiff,<br>v.<br><br>LTL LED, LLC d/b/a Wolf River Electric,<br><br>Defendant. | Court File No.: 0:26-cv-01559-ECT/DTS<br>Case Type: Civil-Other<br><br><br>**PROPOSED PROTECTIVE ORDER** |

This matter is before the court upon request of the parties for entry of a protective order to govern discovery procedures in this matter (ECF No. 0:26-cv-01559-ECT/DTS). Upon review of the files and for good cause shown,

IT IS HEREBY ORDERED:

1. **Definitions**. As used in this protective order:

    (a) "Acknowledgment and Agreement to Be Bound" means the form attached as Exhibit A.

    (b) "Attorney" means an attorney who represents a Party in this action, and includes such Attorney's partners, associates, paralegals, legal assistants, clerical staff, and other employees or contractors assisting such Attorney in this action.

    (c) "Challenging Party" means a Party or Non-Party that challenges the designation of information or items under this Order.

    (d) "CONFIDENTIAL Information or Items" means information, regardless of how it is generated, stored, or maintained, or tangible things that qualify for protection under Rule 26(c) of the Federal Rules of Civil Procedure.

(e) "Designating Party" means a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

(f) "Destroy" means: (1) to delete electronically stored information from all databases, applications, file systems, storage media, and other locations where it is maintained so that the information is not reasonably accessible without the use of specialized tools or techniques typically used by a forensic expert; and (2) to physically destroy all hard-copy documents, copies, excerpts, summaries, notes, and other materials containing or reflecting Protected Material, unless return is required or agreed to by the Designating Party.

(g) "Disclosure or Discovery Material" means all items or information, regardless of the medium or manner in which it is generated, stored, or maintained, including, among other things, testimony, transcripts, documents, electronically stored information, and tangible things, that are produced, disclosed, captured, recorded, or generated in disclosures or responses to discovery in this action.

(h) "Document" means all written, recorded, electronically stored, or graphic material of any kind, regardless of medium or format, including information disclosed, produced, generated, captured, or recorded in discovery, at a deposition, during an inspection, or in connection with any meeting, video conference, telephone call, or other proceeding in this action.

(i) "Expert" means a person with specialized knowledge or experience in a matter pertinent to this litigation who has been retained by a Party or its attorney to serve as an expert witness or consultant in this action.

(j) "Non-Party" means any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

(k) "Notice" or "Notify" means written notice.

(l) "Party" means any party to this action.

(m) "Producing Party" means a Party or Non-Party that produces Disclosure or Discovery Material in this action.

(n) "Professional Vendors" means persons or entities that provide litigation support services, including photocopying, videotaping, translating, preparing exhibits or demonstrations, organizing, storing, or retrieving data in any form or medium, and professional jury or trial consulting, and their employees and subcontractors, who have been retained by a Party or its attorney to provide litigation support services with respect to this action.

(o) "Pro Se Party" means a Party who appears in this action without an attorney of record.

(p) "Protected Document" means a document protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege, immunity, or protection.

(q) "Protected Material" means any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," including any copies, excerpts, summaries, notes, abstracts, compilations, or other materials that reveal or reflect such material.

(r) "Receiving Party" means a Party that receives Disclosure or Discovery Material.

2. **Scope and Use of Protected Material.**

(a) This Order governs all Disclosure or Discovery Material produced, disclosed, generated, captured, recorded, or used in this action that is designated as "CONFIDENTIAL."

3

(b) Protected Material may be used solely for purposes of prosecuting, defending, attempting to settle, or otherwise participating in this action, including any appeal, and may not be used for any business, commercial, competitive, personal, or other purpose.

(c) Protected Material may be disclosed only to the persons and in the manner authorized by this Order, unless otherwise ordered by the Court or permitted in writing by the Designating Party.

(d) This Order applies to any document, as defined in this Order, that is produced, disclosed, generated, captured, recorded, obtained, or learned in connection with this action, whether or not such document is produced in formal written discovery.

(e) If a Party reasonably believes that any document described in paragraph 2(d) contains, reveals, reflects, or concerns that Party's CONFIDENTIAL Information or Items, the Party may designate such document by providing written notice to all Parties. The notice must identify, with reasonable particularity, the document or information being designated and the basis for the designation.

(f) Upon receipt of a notice under paragraph 2(e), all Parties must treat the identified document, and any notes, summaries, copies, excerpts, recordings, photographs, screenshots, measurements, data, or other materials that reveal or reflect the identified document, as "CONFIDENTIAL," unless and until the designation is withdrawn by the Designating Party or changed by agreement of the Parties or order of the Court.

(g) A Party seeking to designate a document under paragraph 2(e) must provide notice as promptly as reasonably practicable after learning of the basis for the designation. If, before receiving such notice, another Party disclosed or used the document in a manner inconsistent with the later designation, that prior disclosure or use will not be deemed

4

a violation of this Order, provided that the Party takes reasonable steps after receiving notice to prevent further unauthorized disclosure or use.

(h) Any Party may challenge a designation made under paragraph 2(e) in the same manner as any other confidentiality designation under this Order. Pending resolution of the challenge, the document must be treated as "CONFIDENTIAL."

(i) Nothing in this Order restricts a Designating Party's use or disclosure of its own Protected Material. A Designating Party's disclosure of its own Protected Material does not waive any designation under this Order unless the Designating Party expressly agrees in writing or the Court orders otherwise.

(j) Nothing in this Order shall be construed to require production of any information, document, or thing that a Party or Non-Party contends is protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege, immunity, protection, law, rule, or court order.

(k) The protections conferred by this Order cover not only Protected Material itself, but also any copies, excerpts, summaries, notes, abstracts, compilations, testimony, conversations, presentations, or other materials that reveal, reflect, quote, summarize, describe, or contain Protected Material.

(l) The designation of Disclosure or Discovery Material as "CONFIDENTIAL" does not, by itself, determine whether such material is admissible in evidence, discoverable, relevant, or entitled to any particular protection under applicable law. Any Party may challenge a designation as provided in this Order.

3. **Designating Protected Material.**

(a) A Party or Non-Party that produces or discloses Disclosure or Discovery Material may

designate it as "CONFIDENTIAL" if the Party or Non-Party reasonably and in good faith believes that the material qualifies for such protection under this Order.

(b) A Designating Party must take reasonable care to limit any designation to specific material that qualifies for protection. Mass, indiscriminate, or routine designations are prohibited. Designations that are shown to be clearly unjustified or made for an improper purpose may expose the Designating Party to sanctions or other relief as permitted by law.

(c) For documents produced in paper form, the Designating Party must affix the legend "CONFIDENTIAL" to each page that contains Protected Material.

(d) For documents produced in native electronic format or in a form that makes page-by-page marking impracticable, the Designating Party may designate the material by including the applicable designation in the file name, on a cover page, in a load file, in a production transmittal, or by any other reasonable method that gives notice of the designation.

(e) For deposition or other testimony, a Designating Party may designate testimony as Protected Material either: (1) on the record before the testimony concludes; or (2) by written notice to all Parties within 21 days after receiving the final transcript. The notice must identify the specific testimony or transcript pages and lines being designated.

(f) Until the expiration of the 21-day period described in paragraph 3(e), the entire transcript and any exhibits used during the testimony must be treated as "CONFIDENTIAL," unless the Parties agree otherwise or the Court orders otherwise. After that period expires, only those portions designated under paragraph 3(e) shall be treated as Protected Material.

(g) Any portion of a transcript, exhibit, or other record that contains Protected Material must be treated in accordance with this Order. A Designating Party may request that designated portions of a transcript or exhibits be separately bound or otherwise maintained by the court reporter or videographer in a manner that reflects the applicable designation.

(h) If a Designating Party inadvertently fails to designate material as "CONFIDENTIAL," the Designating Party may correct the designation by providing written notice to all Parties and producing or identifying a properly designated copy of the material. Upon receiving such notice, the Receiving Party must make reasonable efforts to treat the material according to the corrected designation going forward.

(i) A corrected designation under paragraph 3(h) does not, by itself, establish that any prior disclosure or use of the material before notice was a violation of this Order. After receiving notice of the corrected designation, however, the Receiving Party must make reasonable efforts to retrieve or secure any copies of the material that were disclosed in a manner inconsistent with the corrected designation.

(j) A Party or Non-Party's designation of material as "CONFIDENTIAL" is subject to challenge under this Order.

4. **Challenging Confidentiality Designations.**

(a) Any Party may challenge a Designating Party's designation of Disclosure or Discovery Material as "CONFIDENTIAL" at any time.

(b) Before seeking relief from the Court, the Challenging Party must confer in good faith with the Designating Party in an effort to resolve the dispute without Court intervention. The Challenging Party must identify the specific material whose

designation is being challenged and explain the basis for the challenge. The Designating Party must explain the basis for the challenged designation.

(c) If the Parties cannot resolve the dispute through the meet-and-confer process, the Challenging Party may seek appropriate relief from the Court. The burden of persuasion remains on the Designating Party to show that the challenged designation is proper under Rule 26(c) of the Federal Rules of Civil Procedure.

(d) Until the Court rules on the challenge, or the Designating Party withdraws or modifies the designation in writing, the challenged material must continue to be treated according to the designation asserted by the Designating Party.

(e) A Party's failure to challenge a designation promptly does not waive the right to challenge the designation later, unless the delay results in substantial unfairness, unnecessary expense, or other prejudice.

5. **Disclosure of "CONFIDENTIAL" Information or Items.** Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to the following persons:

(a) the Receiving Party's attorney in this action, and employees of such attorney to whom disclosure is reasonably necessary for this litigation;

(b) a Pro Se Party, identified in the caption of this litigation, provided that disclosure is reasonably necessary for this litigation, and the Pro Se Party is bound by this Order, and provided that such person has signed the "Acknowledgment and Agreement to Be Bound" attached as Exhibit A;

(c) one officer-level employee of the Receiving Party who has responsibility for making

decisions directly relating to this litigation or who is assisting the Receiving Party's attorney in the preparation or conduct of this litigation, provided that such person has signed the "Acknowledgment and Agreement to Be Bound" attached as Exhibit A;

(d) Experts of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" attached as Exhibit A;

(e) the Court and its personnel;

(f) court reporters, stenographic reporters, videographers, interpreters, translators, trial consultants, jury consultants, graphics or design consultants, copy services, e-discovery vendors, and other Professional Vendors to whom disclosure is reasonably necessary for this litigation, provided that any such person or vendor has signed the "Acknowledgment and Agreement to Be Bound" attached as Exhibit A, unless otherwise excused by agreement of the Parties or order of the Court;

(g) during depositions, hearings, or other proceedings in this action, witnesses to whom disclosure is reasonably necessary, provided that the witness has signed the "Acknowledgment and Agreement to Be Bound" attached as Exhibit A, unless the Designating Party objects to such disclosure or the Court orders otherwise. Before disclosing Protected Material to a witness under this paragraph, the Receiving Party must provide notice reasonably sufficient to allow the Designating Party to object. Any portion of a deposition transcript, hearing transcript, exhibit, or other record that reveals Protected Material must be separately designated and treated in accordance with this Order and may not be disclosed except as permitted by this Order;

(h) the author, addressee, or recipient of a document containing the information, or any

custodian or other person who previously possessed, received, or personally knows the information; and

(i) mediators, arbitrators, settlement judges, or other dispute resolution neutrals, and their necessary personnel, to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" attached as Exhibit A.

6.   **Use of Protected Material in Court.**

(a) This Order does not authorize the filing of any document under seal. A Party seeking to file Protected Material under seal must comply with D. Minn. LR 5.6 and any applicable order, standing order, or procedure of the Court. All counsel and pro se litigants acknowledge they have reviewed D. Minn. LR 5.6 which governs filing under seal, which procedures are incorporated herein by reference.

(b) If a Party intends to file with the Court any Protected Material designated by another Party or Non-Party, the filing Party must provide reasonable advance notice to the Designating Party so that the Designating Party may seek appropriate relief from the Court, unless notice is impracticable under the circumstances or the Court orders otherwise.

(c) If a Party intends to present, use, disclose, or refer to another Party's or Non-Party's Protected Material at a hearing, trial, deposition, or other proceeding in open court or on the record, the Party must provide reasonable advance notice to the Designating Party so that the Designating Party may seek appropriate relief from the Court, unless notice is impracticable under the circumstances or the Court orders otherwise.

(d) Nothing in this Order limits the Court's authority to determine whether Protected

10

Material may be filed under seal, presented in open court, admitted into evidence, or otherwise used in any proceeding.

7. **Protected Material Subpoenaed or Ordered Produced in Other Litigation.**

(a) If a Receiving Party is served with a subpoena, court order, discovery request, public-records request, civil investigative demand, or other legal process issued in another action or proceeding that seeks disclosure of Protected Material, the Receiving Party must promptly notify the Designating Party in writing, unless prohibited by law.

(b) The notice must include a copy of the subpoena, order, request, demand, or other legal process, and must be provided sufficiently in advance of any production or disclosure deadline, if reasonably practicable, to allow the Designating Party to seek protection or other relief.

(c) The Receiving Party must not produce or disclose the Protected Material before the deadline for compliance unless required to do so by law, court order, or other compulsory process. If the Designating Party timely seeks a protective order, motion to quash, or other relief, the Receiving Party must not produce or disclose the Protected Material until the court or authority issuing the process rules on the request, unless required to do so by law or court order.

(d) The Designating Party bears the burden and expense of seeking protection or other relief from the court or authority issuing the subpoena, order, request, demand, or other legal process.

(e) Nothing in this Order shall be construed as authorizing a Receiving Party to disobey a lawful subpoena, court order, or other compulsory legal process.

8. **Unauthorized Disclosure of Protected Material; Security Precautions and Data**

11

**Breaches.**

(a) Each Receiving Party must make reasonable efforts to protect the confidentiality of Protected Material disclosed or produced to that Receiving Party.

(b) If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or entity not authorized to receive such material under this Order, the Receiving Party must promptly notify the Designating Party in writing of the unauthorized disclosure.

(c)  The Receiving Party must use reasonable efforts to retrieve or secure all unauthorized copies, excerpts, summaries, notes, abstracts, compilations, or other materials that reveal or reflect the Protected Material.

(d) The Receiving Party must promptly inform the person or entity to whom the unauthorized disclosure was made of all applicable terms of this Order and request that such person or entity sign the "Acknowledgment and Agreement to Be Bound" attached as Exhibit A.

(e) A Party who learns of a breach of confidentiality, including any loss, theft, unauthorized access, unauthorized disclosure, or other compromise of Protected Material, must promptly notify the Designating Party of the scope and nature of the breach, to the extent known, and must make reasonable efforts to remedy the breach and prevent further unauthorized disclosure or use.

(f) Nothing in this section limits any Party's right to seek relief from the Court concerning an unauthorized disclosure or breach involving Protected Material.

9. **Service of this Order on Non-Parties.**

(a) A Party that serves a subpoena, document request, deposition notice, inspection notice,

12

or other discovery request on a Non-Party in this action must serve a copy of this Order and LR 5.6 on the Non-Party at or before the time the subpoena, notice, or request is served.

(b)  The serving Party must also promptly provide all other Parties with written notice of the subpoena, notice, request, or other discovery directed to the Non-Party, together with a copy of the subpoena, notice, request, or other discovery, and must provide the other Parties a reasonable opportunity to object or seek relief before any Protected Material of another Party is disclosed to the Non-Party or before any material produced by the Non-Party is disclosed beyond the persons authorized by this Order.

(c) If a Party objects to disclosure under paragraph 9(b), the Parties must meet and confer in good faith. Unless otherwise agreed by the Parties or ordered by the Court, the material at issue must not be disclosed until the objection is resolved or the Court orders disclosure.

(d)  Any Non-Party that produces Disclosure or Discovery Material in this action may designate material as "CONFIDENTIAL" in accordance with this Order.

**10.  Disclosure or Production or Privileged Material.**

(a) This Order is entered, in part, pursuant to Rule 502(d) of the Federal Rules of Evidence. The production or disclosure of any document, information, or material that a Producing Party later claims is protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege, immunity, or protection shall not constitute or be deemed a waiver or forfeiture of any claim of privilege, immunity, or protection that the Producing Party would otherwise be entitled to assert with respect to the produced or disclosed material or its subject matter in this action or in any other federal

or state proceeding.

(b) If a Producing Party discovers that it has produced or disclosed material that it claims is protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege, immunity, or protection, it must promptly notify the Receiving Party in writing and identify the material and the basis for the claim of protection.

(c) Upon receiving notice under paragraph 10(b), the Receiving Party must promptly return, sequester, or destroy the specified material and any copies it has, and must not use or disclose the material until the claim of protection is resolved. If the Receiving Party disclosed the material before receiving notice, it must take reasonable steps to retrieve or secure the material and prevent further use or disclosure.

(d) A Receiving Party that reasonably believes it may have received material protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege, immunity, or protection must promptly notify the Producing Party.

(e) If the Receiving Party disputes the claim of protection, the Receiving Party may present the issue to the Court for determination. The Receiving Party must not use or disclose the disputed material unless and until the Court permits such use or disclosure.

(f) Nothing in this section limits a Party's right to challenge a claim of privilege, immunity, or protection, provided that the challenge may not be based on the fact or circumstance of the production or disclosure itself.

11. **Disposition of Protective Material.**

(a) Within 60 days after the final termination of this action, including any appeals, each Receiving Party must return or destroy all Protected Material.

(b) Within the same 60-day period, each Receiving Party must notify the Producing Party

14

or Designating Party in writing that it has returned or destroyed all Protected Material.

(c) Notwithstanding paragraphs 11(a) and 11(b), each attorney may retain one archival copy of pleadings, motion papers, transcripts, legal memoranda, correspondence, attorney work product, expert reports, exhibits, and documents filed with or submitted to the Court, even if such materials contain or reflect Protected Material.

(d) Any archival materials retained under paragraph 11(c) remain subject to this Order.

12. **Continuing Jurisdiction.** The Court retains jurisdiction to enforce, modify, or interpret this Order, including after final termination of this action.

13. **Survival of Obligations.** The obligations imposed by this Order survive the termination of this action.

Dated: _____

_____
Honorable David T. Schultz
United States Magistrate Judge

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print full name], of _____ [organization/affiliation], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the District of Minnesota on _____ [date] in the case of *Alexander von Brandenfels v. LTL LED, LLC d/b/a Wolf River Electric*, Case No. 0:26-cv-01559-ECT/DTS.

I agree to comply with and to be bound by all terms of this Stipulated Protective Order, and I understand and acknowledge that failure to comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Minnesota for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____