**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Alexander von Brandenfels,<br><br>Plaintiff,<br>v.<br><br>LTL LED, LLC d/b/a Wolf River Electric,<br><br>Defendant. | Court File No.: 0:26-cv-01559-ECT/DTS<br>Case Type: Civil-Other<br><br>**DEFENDANT'S MEMORANDUM OF LAW IN RESPONSE TO PLAINTIFF'S MOTION TO COMPEL** |

Defendant LTL LED, LLC d/b/a Wolf River Electric ("Wolf River") submits this Memorandum of Law in response to Plaintiff's Motion to Compel.

## INTRODUCTION

Plaintiff's Motion combines several discrete discovery disputes and asks the Court to impose relief far broader than any alleged deficiency, including blanket waiver of Defendant's objections, waiver of attorney-client privilege and work-product protection, unrestricted disclosure of confidential commercial information, continuing judicial supervision of the parties' communications, and a monetary penalty untethered to any expense Plaintiff actually incurred.

The record does not support Plaintiff's characterization of Wolf River as obstructing discovery. Wolf River has served 66 pages of written discovery responses, asserted and explained its objections, conferred with Plaintiff on multiple occasions, supplemented its Rule 26 disclosures, discussed and attempted to resolve the need for a protective order, moved for a protective order, and produced 164 pages of responsive nonprivileged and

nonconfidential documents. Kasprowicz Decl. ¶¶ 7-23, 28, 36. The undersigned has also received 86 email communications from Plaintiff and sent 45 email communications to Plaintiff concerning this matter, exclusive of additional communications from Wolf River's legal support staff. Kasprowicz Decl. ¶¶ 29-30. The parties have been actively engaged in discovery. Their disagreement over the proper scope of discovery, confidentiality, privilege, and particular objections does not transform those disputes into bad faith or obstruction.

Several issues raised in Plaintiff's Motion were resolved during the parties' August 6 meet-and-confer, including Wolf River's agreement to supplement its Rule 26 disclosures and to proceed with production of responsive nonprivileged and nonconfidential materials without awaiting resolution of the protective-order issue. Kasprowicz Decl. ¶¶ 13–17. Wolf River thereafter supplemented its Rule 26 disclosures and produced the presently identified nonprivileged and nonconfidential responsive documents. Id. ¶¶ 20-22. Wolf River has not refused to produce relevant discovery. The principal remaining production dispute concerns genuinely confidential commercial information, which Wolf River seeks to produce subject to reasonable protections and which is already before the Court through Wolf River's pending Motion for Protective Order. Id. ¶¶ 17-18. Wolf River has likewise maintained its privilege and work-product objections and will provide the information required by Rule 26(b)(5)(A) for responsive materials actually withheld on those grounds. Id. ¶¶ 24-27.

What remains is therefore not the wholesale discovery failure described by Plaintiff. It is a series of ordinary, contested discovery issues for which Plaintiff seeks extraordinary

remedies. The Motion should be denied as moot to the extent Wolf River has provided the requested supplementation and production, and otherwise denied because the record does not establish blanket waiver of objections or privilege, bad faith, a basis for continuing judicial supervision of the parties' communications, or grounds for the monetary sanctions Plaintiff requests.

## ARGUMENT

### I. Plaintiff's Request to Compel Supplemental Disclosures Should Be Denied as Moot Because Defendant Agreed to Supplement and Has Done So Pursuant to Rule 26(e).

Plaintiff's request to compel Wolf River to supplement its Rule 26 Disclosures is moot and was premature when filed. During the parties' August 6, 2026 meet-and-confer conference, Plaintiff stated that he intended to file a motion to compel concerning Wolf River's Initial Disclosures. Wolf River informed Plaintiff that such a motion was premature and unnecessary because it agreed to supplement those disclosures. Kasprowicz Decl. ¶¶ 13-15. Wolf River served Supplemental Disclosures on August 20, 2026. Kasprowicz Decl. ¶¶ 20, 22, Ex. C & D.

Rule 26(e) expressly allows a party to supplement its disclosures. Fed. R. Civ. P. 26(e). Wolf River complied with that continuing obligation and advised Plaintiff during the meet-and-confer process that supplementation would be provided.

Plaintiff nevertheless filed his Motion. Accordingly, to the extent Plaintiff seeks an order requiring Defendant to supplement its Disclosures, there is no remaining relief for the Court to compel.

Plaintiff's remaining dispute concerning the private home addresses and personal telephone numbers of Defendant's executives and managers does not justify further relief. Plaintiff argues that identifying these individuals as represented by counsel does not satisfy Rule 26(a)(1)(A)(i) and contends that their private contact information is necessary to facilitate depositions. That argument overstates Rule 26 and disregards the actual communications between the parties.

Rule 26(a)(1)(A)(i) requires disclosure, "if known," of the address and telephone number of an individual likely to have discoverable information. The Rule does not state that the address must be the individual's private residence or that the telephone number must be the individual's personal telephone number. As the court explained in *Paulk v. Fries*, "Rule 26 merely allows for an address where the witness may be contacted; it does not require the disclosure of a home address and phone." No. CV SA-12-CV-1001-FB, 2013 WL 12129935, at *2 (W.D. Tex. Apr. 9, 2013).

That distinction is particularly significant here because Defendant has never attempted to make its executives or managers unavailable to Plaintiff. On April 8, 2026, undersigned counsel provided Plaintiff with Wolf River's current business address specifically for purposes of service. Kasprowicz Decl. ¶ 2, Ex. A.

When Plaintiff challenged Wolf River's decision not to disclose the private residential addresses of its executives and managers, undersigned counsel explained that the managers were represented in this litigation and that Plaintiff did not need their home addresses in order to direct service to them. Specifically, on April 28, 2026, undersigned counsel informed Plaintiff in writing: "Your request to provide addresses for WRE's

managers identified in the disclosures is rejected. They are represented by me, and any service for such may be made on me." Kasprowicz Decl. ¶ 6, Ex. B.

Plaintiff's response is equally significant. Plaintiff stated that, "[a]s of now, the only issue I see with the missing addresses is the ability to serve subpoenas on these individuals." Kasprowicz Decl. ¶ 6, Ex. B. Thus, months before filing the present Motion, Plaintiff knew both that Defendant's identified managers were represented by undersigned counsel and that counsel had expressly informed Plaintiff that service directed to those individuals could be made through him.

The attorney-client relationships themselves are entirely proper. Minnesota Rule of Professional Conduct 1.13 recognizes that an organizational client acts through its duly authorized constituents, and the Rule's commentary identifies officers, directors, employees, and shareholders as constituents of an organizational client. Minn. R. Prof. Conduct 1.13(a), cmt. [1]. Rule 1.13(f) further provides that "[a] lawyer representing an organization may also represent any of its directors, officers, employees, members, shareholders or other constituents," subject to the conflict requirements of Rule 1.7. Minn. R. Prof. Conduct 1.13(f). The executives and managers identified in Defendant's disclosures are represented by undersigned counsel in connection with this litigation. Kasprowicz Decl. ¶¶ 3-6.

The Federal Rules likewise recognize service through counsel in represented litigation. Rule 5(b)(1) provides that, when a party is represented by an attorney, service under Rule 5 "must be made on the attorney unless the court orders service on the party." Fed. R. Civ. P. 5(b)(1).

Accordingly, Plaintiff's request to compel further supplementation of Wolf River's Rule 26 Disclosures should be denied. Wolf River agreed to supplement before Plaintiff filed his Motion and thereafter served its Supplemental Disclosures pursuant to Rule 26(e). Plaintiff likewise has no basis to compel disclosure of the private residential addresses and personal telephone numbers of Wolf River's represented executives and managers. Those individuals are represented by undersigned counsel, Plaintiff was expressly informed that service directed to them could be made through counsel, and Rule 26 does not require disclosure of a witness's private home address and personal telephone number where an appropriate means of contact has been provided.

## II. Plaintiff's Request to Compel Confidential Materials Before the Court Rules On Wolf River's Motion for Protective Order Should Be Denied

Wolf River is not seeking to prohibit Plaintiff from obtaining otherwise discoverable information. Wolf River seeks only to produce materials containing confidential, proprietary, commercially sensitive, customer, employee, or third-party information subject to reasonable confidentiality protections. Rule 26(c) expressly authorizes the Court to require that confidential commercial information "not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G).

The Supreme Court has long recognized the protection afforded to this type of information. "The federal courts have long recognized a qualified evidentiary privilege for trade secrets and other confidential commercial information." *Fed. Open Mkt. Comm. of Fed. Reserve Sys. v. Merrill*, 443 U.S. 340, 356 (1979) (citing *E.I. du Pont de Nemours Powder Co. v. Masland*, 244 U.S. 100, 103 (1917); 8 J. Wigmore, Evidence § 2212, at 156-

57 (McNaughton rev. 1961)). The Court further explained that the Federal Rules provide similar qualified protection for trade secrets and confidential commercial information in civil discovery. *Merrill*, 443 U.S. at 356.

Protective orders routinely serve precisely that function. In *Seattle Times Co. v. Rhinehart*, the Supreme Court recognized the district court's "substantial latitude to fashion protective orders" governing information obtained through civil discovery, including restrictions on the use and dissemination of information that was nevertheless produced to the requesting party. 467 U.S. 20, 36 (1984). Wolf River seeks the same type of protection here. It does not seek to prevent discovery. It seeks reasonable restrictions governing the designation, use, and dissemination of confidential information.

Plaintiff principally argues that Wolf River forfeited any right to such protection because its Motion for Protective Order was filed after certain discovery deadlines. Pl.'s Mem. at 17-19. Plaintiff relies on *Rotoworks International Ltd. v. Grassworks USA, Inc.*, No. CIV. 07-05009, 2007 WL 1364911 (W.D. Ark. May 8, 2007), and *United States v. International Business Machines Corp.*, 70 F.R.D. 700 (S.D.N.Y. 1976). Those authorities do not establish the categorical waiver rule Plaintiff proposes.

More recent authority within the Eighth Circuit directly rejects the proposition that a motion for protective order necessarily must be filed by the same deadline as the underlying discovery responses. In *Buergofol GmbH v. Omega Liner Co.*, the court found no rule requiring a protective-order motion to be filed by the discovery-response deadline and explained that authorities requiring a party seeking relief from discovery to move for a protective order "do not dictate when a motion for protective order must be filed." No.

4:22-CV-04112-KES, 2023 WL 4980031, at *5 (D.S.D. Aug. 3, 2023). The court further recognized that the Federal Rules permit a responding party to serve objections to requests for production without simultaneously filing a motion for protective order. *Id.*

That distinction matters here. Wolf River did not simply ignore Plaintiff's discovery requests and later invoke Rule 26(c) as a substitute for responding. Wolf River served written responses and objections, including confidentiality objections, raised the need for confidentiality protections during the Rule 26(f) process, provided Plaintiff with a proposed protective order, and ultimately filed its Motion for Protective Order. Kasprowicz Decl. ¶¶ 7–11, 18. Thus, even accepting Plaintiff's characterization of *Rotoworks*, that case does not establish that Wolf River permanently forfeited previously asserted confidentiality protections merely because its Rule 26(c) Motion followed its discovery responses. *Buergofol* expressly recognizes the distinction between failing to respond to discovery and responding with objections before seeking judicial resolution. 2023 WL 4980031, at *5.

Plaintiff's reliance on *IBM* is even further removed from the circumstances here. There, a nonparty received a subpoena returnable ten days after service, took no legal action before the return date, and waited more than two months after that date to seek a protective order. *IBM*, 70 F.R.D. at 701. By then, the nonparty had already produced the documents weeks earlier. *Id.* at 701-02. Moreover, an existing pretrial order already provided a mechanism by which the nonparty could invoke confidentiality protection at the time of production, but the nonparty failed to use it. *Id.* at 701. The court also found that the nonparty failed to identify the particular documents warranting protection and instead sought blanket protection over materials that included public statements, congressional

testimony, and information already possessed by IBM. *Id.* at 702.

None of those circumstances exists here. Wolf River asserted confidentiality before producing the disputed confidential materials, no existing protective order was available for Wolf River simply to invoke, and Wolf River is not attempting to retroactively restrict materials it already produced without protection. Most importantly, *IBM* itself did not hold that passage of a discovery deadline permanently destroys confidentiality protection. After denying the motions before it, the court expressly stated that its ruling did not prevent the nonparty from invoking available protection "as to documents not yet produced." *Id.* at 703.

Plaintiff therefore attempts to transform cases addressing the timing of protective-order motions into a rule of permanent forfeiture that those cases do not establish. Wolf River is not seeking to avoid otherwise proper discovery. It seeks to produce confidential materials subject to the protections expressly contemplated by Rule 26(c)(1)(G). Because Wolf River's Motion for Protective Order places those protections squarely before the Court, Plaintiff's request to compel unrestricted production before the Court determines the appropriate confidentiality protections should be denied.

### III. Plaintiff's Request to Compel Production of Nonconfidential Documents Should Be Denied as Moot.

Plaintiff seeks an order compelling Wolf River to produce responsive documents that Wolf River does not contend are confidential. That relief is now moot. Wolf River agreed to produce responsive, nonprivileged documents that did not require confidentiality protection, and it has done so.

Wolf River made clear before Plaintiff filed his Motion that it was not taking the position that all responsive documents were confidential. On July 20, 2026, Wolf River informed Plaintiff that it was "not seeking to prevent the production of responsive, nonprivileged information or to indiscriminately designate every document as confidential." Kasprowicz Decl. ¶ 10, Ex. E. Wolf River further explained that it was "not taking the position that every responsive document is confidential" and that "[r]esponsive materials that do not contain confidential information will not be designated as such." Id. ¶ 11, Ex. E. During the parties' August 6 meet-and-confer conference, Wolf River likewise agreed to proceed with production of responsive nonconfidential materials. Kasprowicz Decl. ¶ 16.

Wolf River thereafter completed that production. On August 20, 2026, Wolf River served Plaintiff with 164 Bates-numbered pages of responsive documents, WRE000001 through WRE000164. Kasprowicz Decl. ¶ ¶ 21-22, Ex. D.

Accordingly, there is no remaining basis for an order compelling Wolf River to produce responsive nonconfidential documents. Wolf River agreed to make that production and has done so. Plaintiff's request for an order compelling production of nonconfidential materials should therefore be denied as moot.

## IV. Plaintiff's Generalized Attack on Defendant's Objections Does Not Support Blanket Waiver.

Plaintiff expressly declined to address Defendant's objections request by request, stating that he makes only "general arguments" against them. Pl.'s Mem. at 27-28. He nevertheless asks the Court to declare every objection to both sets of RFPs and every

interrogatory waived. That generalized attack cannot support blanket waiver of materially different objections. Local Rule 37.1 requires the movant to specify the discovery in dispute and provide "a concise statement of why" the particular response or objection is improper. D. Minn. LR 37.1(b)-(d).

Plaintiff also conflates the requirement that an objection be stated with specificity with the separate question whether the objection should ultimately be sustained. Rule 33(b)(4) requires that "[t]he grounds for objecting to an interrogatory must be stated with specificity." Rule 34(b)(2)(B) similarly requires the responding party to "state with specificity the grounds for objecting to the request, including the reasons." Neither Rule requires a responding party to prove the merits of every objection within the discovery response itself.

Appellate authority recognizes that distinction. An objection must be sufficiently specific that the requesting party and the Court can understand the manner in which the discovery is claimed to be objectionable. *See Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985).

The Sixth Circuit's decision in *Info-Hold, Inc. v. Sound Merchandising, Inc.* is instructive. There, the responding party objected that an interrogatory was "overly broad, unduly burdensome, and [sought] discovery of information that [was] neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." 538 F.3d 448, 457-58 (6th Cir. 2008). Citing Rule 33(b)(4), the Sixth Circuit stated that the responding party "appears to have exercised this right by objecting" on those grounds and held that, "[i]n providing this objection," it shifted the burden to the requesting party either to clarify its

request or seek an order compelling a response. *Id.* at 457-58.

Rule 33(b)(4)'s waiver language reinforces the distinction. It provides that a "ground not stated in a timely objection is waived." Plaintiff may disagree with whether those objections should ultimately be sustained, but that disagreement does not mean the grounds were never stated.

Nor does Defendant's decision to answer notwithstanding an objection make the objection meaningless. Rule 33(b)(3) expressly requires an interrogatory to be answered "to the extent it is not objected to," and Rule 34 likewise contemplates production of the unobjectionable portion of a request. A party may therefore preserve an objection to a particular scope or construction while providing the information that is otherwise discoverable.

Plaintiff's request to declare every objection waived should therefore be denied. If the Court concludes that a particular objection is insufficient or should be overruled, the proper remedy is to address that objection and request individually, not erase every timely objection Defendant asserted.

## V. Plaintiff's Request for Waiver of Privilege and Work-Product Protection Should Be Denied.

"Waiver is the intentional relinquishment or abandonment of a known right." *United States v. Olano*, 507 U.S. 725, 733 (1993). Wolf River has done the opposite. It expressly asserted attorney-client privilege and work-product protection in its discovery responses and has consistently maintained those protections. Kasprowicz Decl. ¶¶ 24–27.

Plaintiff also overstates Rule 26(b)(5)(A). The Rule requires a party withholding

otherwise discoverable material on privilege grounds to describe the nature of the withheld material in a manner that permits the opposing party to assess the claim. It does not prescribe a document-by-document privilege log in every case. The 2025 Advisory Committee Note expressly emphasizes "maximum flexibility" in satisfying Rule 26(b)(5)(A) and states that "[n]o one-size-fits-all approach" is appropriate. Courts within the Eighth Circuit have likewise permitted post-litigation attorney-client communications to be excluded from individual privilege-log requirements. *Brown v. West Corp.*, 287 F.R.D. 494, 499 (D. Neb. 2012) (ordering the "log may exclude attorney-client communications following the initiation of this litigation."); See *Prism Techs., LLC v. Adobe Sys., Inc.*, No. 8:10CV220, 2011 WL 5523389, at *2 (D. Neb. Nov. 14, 2011).

Wolf River has informed Plaintiff that it will provide the privilege log and is presently preparing that information. Kasprowicz Decl. ¶ 26. To the extent responsive documents have been withheld on privilege grounds, those materials consist of attorney-client email communications. Wolf River expressly advised Plaintiff, for example, that it was "withholding email correspondence on the basis of attorney-client privilege." Kasprowicz Decl. ¶ 25; Pl.'s Decl. Ex. 12.

Plaintiff's challenge to Wolf River's interrogatory objections presents a different issue. Certain interrogatories seek counsel's investigation, selection and evaluation of information, legal analysis, and mental impressions in preparing Wolf River's pleadings. Interrogatory No. 7 expressly seeks the basis for portions of Wolf River's Answer and the investigation underlying them, and Wolf River specifically invoked work-product protection on that basis. Pl.'s Decl. Ex. 10. Rule 26(b)(3)(B) expressly protects counsel's

"mental impressions, conclusions, opinions, or legal theories." Those protections do not become discoverable merely because they cannot be listed as documents on a privilege log.

Nothing in this record establishes that Wolf River relinquished its privilege or work-product protection. Kasprowicz Decl. ¶ 24. If the Court determines that additional description of particular withheld communications is required, the appropriate remedy is supplementation under Rule 26(b)(5)(A), not waiver. *See Cargill, Inc. v. Ron Burge Trucking, Inc.*, 284 F.R.D. 421, 426 (D. Minn. 2012). Plaintiff's request for blanket waiver should therefore be denied.

## VI. Plaintiff's Request for a Prospective Order Governing Future Meet-And-Confers Should Be Denied.

Plaintiff asks the Court to enter a continuing order requiring Wolf River and its counsel to meet whenever Plaintiff requests and to discuss issues in the manner Plaintiff considers sufficient. Neither Local Rule 7.1 nor the Rules of Professional Conduct authorize that relief.

Local Rule 7.1(a) requires the moving party, "if possible," to meet and confer in a good-faith effort to resolve the issues before filing a motion. It does not create an unrestricted right to summon opposing counsel to a conference whenever requested, nor does it require counsel to agree with or concede an opposing party's legal position.

Wolf River's counsel has not refused to confer with Plaintiff. The parties have conferred on multiple occasions throughout this litigation, including through two video conferences, telephone calls, and extensive email correspondence. The parties again conferred on August 6 and resolved portions of the present dispute, including Wolf River's

agreement to produce nonconfidential materials without awaiting resolution of the protective-order issue. Kasprowicz Decl. ¶¶ 12-16, 28.

The volume and manner of Plaintiff's communications provide additional context. Plaintiff has sent undersigned counsel approximately 86 emails concerning this matter, at times sending three separate emails within a short period on the same day. Plaintiff frequently addresses portions of existing discussions in separate email threads or responds to subjects from one discussion in unrelated threads, despite counsel's repeated requests that related communications be consolidated into a single thread so that the parties' discussions can be addressed in an orderly manner. Kasprowicz Decl. ¶¶ 29-35. Counsel's efforts to manage that volume of correspondence and organize the parties' communications do not constitute a refusal to confer.

Plaintiff's pro se status does not expand his discovery rights or modify the governing rules. "[A] pro se litigant is bound by the litigation rules as is a lawyer, particularly here with the fulfilling of simple requirements of discovery." *Lindstedt v. City of Granby*, 238 F.3d 933, 937 (8th Cir. 2000). Wolf River will continue to comply with all applicable conferral requirements. A continuing order placing the parties' routine communications under judicial supervision is unnecessary and should be denied.

## VII. Plaintiff's Request for Expenses and a Monetary Penalty Should Be Denied.

Plaintiff asks the Court to award expenses under Rule 37 and, because he has incurred no attorney's fees, to impose an additional monetary penalty against Wolf River or its counsel in an amount equivalent to what an attorney hypothetically would have

charged to prepare and argue his Motion. Pl.'s Mem. at 46-52. Neither form of relief is warranted.

Plaintiff's request rests on his assertion that Wolf River has "knowingly failed to meet its obligations" and deliberately "delayed and obstructed" discovery. Pl.'s Mem. at 46. The record does not support that characterization. The parties have had genuine disagreements concerning the scope of discovery, confidentiality, privilege, and the adequacy of particular responses.

Wolf River has served 66 pages of written discovery responses, asserted its objections, conferred with Plaintiff on multiple occasions, supplemented its Rule 26 disclosures, produced 164 pages of responsive nonprivileged and nonconfidential documents, moved for a protective order, and continued to address the remaining discovery disputes. Kasprowicz Decl. ¶¶ 12-28, 36-37. The undersigned counsel has also received 86 emails from Plaintiff and sent 45 emails to Plaintiff concerning this matter, not including additional communications sent or received by Wolf River's legal support staff. Kasprowicz Decl. ¶¶ 29-30.

This record reflects sustained participation in discovery, not obstruction or bad faith. A disputed discovery position does not become sanctionable merely because Plaintiff disagrees with it.

Rule 37(a)(5)(A) authorizes recovery of the "reasonable expenses incurred in making the motion, including attorney's fees," subject to several exceptions, including where the opposing party's position was substantially justified or other circumstances make an award unjust. Fed. R. Civ. P. 37(a)(5)(A). Plaintiff acknowledges that, because he is

proceeding pro se, he incurred no attorney's fees and likely incurred few or no other expenses. Pl.'s Mem. at 48. Rule 37 compensates expenses actually incurred; it does not authorize an award of hypothetical attorney's fees for a pro se litigant's own time. *See Pickholtz v. Rainbow Techs., Inc.*, 284 F.3d 1365, 1375 (Fed. Cir. 2002).

Plaintiff attempts to avoid that limitation by asking the Court to use its inherent authority to impose an attorney-fee-sized "penalty" for deterrence. But the Eighth Circuit has cautioned that courts should apply Rule 37 where it addresses the conduct at issue and that inherent authority is a "broad and powerful tool" that "should be used sparingly." *Sentis Grp., Inc. v. Shell Oil Co.*, 559 F.3d 888, 899-900 (8th Cir. 2009). An inherent-authority sanction also requires bad faith. *Id.* No such showing has been made here.

More fundamentally, Plaintiff expressly seeks a punitive rather than compensatory award. He acknowledges that he did not incur the attorney's fees he seeks to approximate and states that the purpose of his proposed sanction is deterrence, regardless of whether the money is paid to Plaintiff or to the Court. Pl.'s Mem. at 50-52. The Supreme Court has held that a monetary sanction imposed under a court's inherent authority through civil procedures "must be compensatory rather than punitive" and must be tied to losses actually caused by the misconduct. *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 108 (2017). The Eighth Circuit has similarly cautioned against monetary penalties that are not concretely tied to compensating actual loss. See *Plaintiffs' Baycol Steering Comm. v. Bayer Corp.*, 419 F.3d 794, 808 (8th Cir. 2005).

The Court should therefore deny Plaintiff's request for expenses and his separate request for a hypothetical attorney-fee-sized monetary penalty.

## CONCLUSION

For the foregoing reasons, Defendant LTL LED, LLC d/b/a Wolf River Electric respectfully requests that the Court deny Plaintiff's Motion to Compel as moot to the extent Defendant has supplemented its disclosures and produced responsive nonprivileged and nonconfidential materials, and otherwise deny the Motion. Defendant further requests that the Court deny Plaintiff's requests for blanket waiver of objections, waiver of attorney-client privilege or work-product protection, unrestricted production of confidential commercial information, a continuing order governing future meet-and-confers, expenses, and any additional monetary sanction or penalty.

To the extent the Court determines that any discrete discovery response requires further supplementation, Wolf River respectfully requests an opportunity to supplement that response rather than the extraordinary waiver or sanctions Plaintiff seeks.

Dated: August 24, 2026

Nicholas J. Kasprowicz

Nicholas J. Kasprowicz #403808
General Counsel
Wolf River Electric
100 Isanti Parkway NE
Isanti, MN 55040
Office: (612) 305-8410
Nick@wolfriverelectric.com
**Attorney for LTL LED LLC**