**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Alexander von Brandenfels,<br><br>Plaintiff,<br><br>v.<br><br>LTL LED, LLC d/b/a Wolf River Electric,<br><br>Defendant. | Court File No.: 0:26-cv-01559-ECT/DTS<br>Case Type: Civil-Other<br><br>**DECLARATION OF NICHOLAS KASPROWICZ IN SUPPORT OF DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL** |

I, Nicholas Kasprowicz, state as follows:

1. I am counsel for LTL LED, LLC d/b/a Wolf River Electric ("Wolf River") in this action. I am an attorney duly admitted to practice before this Court. I submit this Affidavit in support of Wolf River's Motion for Protective Order. I have personal knowledge of the matters stated herein.

2. On April 8, 2026, I provided Plaintiff with Wolf River's current business address, 100 Isanti Parkway NE, Isanti, Minnesota 55040, for purposes of litigation correspondence and service directed to Wolf River. A true and correct copy of that correspondence and the preceding email chain is attached as Exhibit A.

3. Justin Nielsen and Vladimir Marchenko, both of whom are identified in Defendant's Rule 26 disclosures, are co-founders and executives of Wolf River Electric. Each has expressly authorized me to represent him individually in connection with this litigation, in addition to my representation of Wolf River Electric, and, on behalf of Wolf River Electric, has authorized me to represent Wolf River's managers in connection with this matter in their capacities as managerial constituents of the company.

4. The other Wolf River managers identified in Defendant's Rule 26 disclosures are managerial constituents of Wolf River who act on behalf of the company and, within the scope of their authority, have authority to make decisions or statements that may bind the company. In my capacity as General Counsel for Wolf River, and pursuant to the authorization described above, I represent those managers in connection with this matter in their capacities as managerial constituents of Wolf River and coordinate litigation-related communications, discovery, and requests for testimony involving them.

5. Wolf River's decision not to disclose the private residential addresses and personal telephone numbers of these individuals was not intended to make them unavailable to Plaintiff or prevent Plaintiff from obtaining appropriate discovery from them. Plaintiff may direct requests concerning their participation in discovery or depositions through me, and I have not refused to facilitate their participation in appropriate discovery.

6. On April 28, 2026, I informed Plaintiff that I would be representing the individuals identified in Defendant's Rule 26 disclosures in connection with this litigation and that "any service for such may be made on me." A true and correct copy of that correspondence is attached as Exhibit B.

7. I raised the need for a protective order during the parties' April 6, 2026 Rule 26(f) conference. Wolf River also preserved that position in its written responses to Plaintiff's Requests for Production by objecting to the production of confidential or trade-secret materials absent appropriate protections and stating that such materials would be produced after entry of an appropriate protective order. I thereafter attempted in good faith to negotiate a stipulated protective order with Plaintiff so that responsive confidential materials could be produced subject to reasonable protections.

8. Wolf River thereafter provided Plaintiff with a proposed protective order and continued attempting to resolve the parties' disagreement regarding the treatment of confidential information without Court intervention.

9. Plaintiff and I continued to communicate regarding the proposed protective order and the treatment of confidential, proprietary, commercially sensitive, customer, employee, and third-party information requested in discovery.

10. On July 20, 2026, I informed Plaintiff in writing that Wolf River was "not seeking to prevent the production of responsive, nonprivileged information or to indiscriminately designate every document as confidential." I further explained that Wolf River sought a reasonable mechanism to protect legitimate confidentiality and privacy interests while allowing discovery to proceed.

11. Later that day, I further informed Plaintiff that "WRE is not taking the position that every responsive document is confidential, nor does WRE intend to designate every document as confidential" and that "[r]esponsive materials that do not contain confidential information will not be designated as such." True and correct copies of this correspondence are attached collectively as Exhibit E.

12. The parties have conferred regarding discovery and other issues on multiple occasions during this litigation, including through two video conferences, telephone communications, and extensive email correspondence.

13. On August 6, 2026, Plaintiff and I met and conferred regarding the discovery issues that Plaintiff subsequently raised in his Motion to Compel.

14. During the August 6 meet-and-confer, Plaintiff informed me that he intended to seek an order compelling Wolf River to supplement its Rule 26 disclosures.

15. During that conference, I informed Plaintiff that Wolf River would supplement its Rule 26 disclosures. Wolf River therefore agreed to provide that supplementation before Plaintiff filed his Motion to Compel.

16. The parties also discussed Wolf River's document production during the August 6 meet-and-confer. During that conference, Wolf River agreed to proceed with production of responsive, nonprivileged materials that Wolf River did not contend required confidentiality protection, without awaiting resolution of the parties' dispute concerning a protective order.

17. Wolf River did not agree to produce materials it contends contain confidential, proprietary, commercially sensitive, customer, employee, or third-party information without appropriate confidentiality protections. The conditions governing production of those materials remained disputed.

18. Wolf River subsequently filed its Motion for Protective Order seeking the Court's determination regarding appropriate protections for confidential information produced in this litigation.

19. Plaintiff filed his Motion to Compel on August 17, 2026.

20. On August 20, 2026, Wolf River served its Rule 26(e) Supplemental Disclosures on Plaintiff. A true and correct copy of Wolf River's Supplemental Disclosures is attached as Exhibit C.

21. On August 20, 2026, Wolf River also served Plaintiff with its production of responsive, nonprivileged and nonconfidential documents bearing Bates numbers WRE000001 through WRE000164.

22. The Supplemental Disclosures and document production were served on Plaintiff through the Court-ordered electronic file-share procedure. A true and correct copy of the August 20, 2026 Certificate of Service is attached as Exhibit D.

23. Wolf River has served three sets of written discovery responses in this action: its responses to Plaintiff's First Set of Requests for Production, its answers and objections to Plaintiff's First Interrogatories, and its responses to Plaintiff's Second Set of Requests for Production. Those written discovery responses collectively total 66 pages.

24. Wolf River asserted its objections in those written discovery responses. Where Wolf River asserted attorney-client privilege or work-product protection, neither Wolf River nor I intended to relinquish or abandon those protections.

25. In response to Plaintiff's Second Set of Requests for Production, Wolf River expressly informed Plaintiff in response to Request No. 7 that "Defendant is withholding email correspondence on the basis of attorney-client privilege."

26. Wolf River has informed Plaintiff that it will provide the information required by Rule 26(b)(5)(A) concerning responsive materials actually withheld on the basis of attorney-client privilege or work-product protection, and Wolf River is presently preparing that information.

27. Communications between Wolf River and its counsel occurring after commencement of this action and concerning counsel's representation of Wolf River in this litigation have been made in connection with the provision of legal advice and Wolf River's defense of this action.

28. I have personally participated in the parties' efforts to confer and resolve discovery disputes without Court intervention. I have not refused to meet or confer with Plaintiff concerning discovery.

29. As part of preparing Wolf River's response to Plaintiff's Motion to Compel, I reviewed the email communications between Plaintiff and me concerning this action. As of August 24, 2026, I have received 86 email communications from Plaintiff and sent 45 email communications to Plaintiff concerning this matter.

30. Those figures do not include additional communications independently sent or received by members of Wolf River's legal support staff.

31. Exhibit A provides an example of the manner in which I have attempted to manage Plaintiff's email communications. On April 7, 2026, Plaintiff sent me three separate emails concerning issues in this litigation, two of which were very lengthy. Rather than respond through multiple separate email chains, I sent Plaintiff a consolidated response addressing all three. I began that response by stating: "I am in receipt of your three emails, two of which are quite lengthy, and I will do my best to respond here to all three."

32. In that consolidated response, I addressed Plaintiff's allegations regarding Wolf River's Answer, explained Wolf River's positions, identified matters implicating attorney-client privilege and work-product protection, and explained that properly discoverable facts could be addressed through discovery in the ordinary course. I also informed Plaintiff that I did not intend to continue litigating disputed issues through email.

33. Approximately an hour and a half after my consolidated response, Plaintiff responded that he would "draft a motion for sanctions" and stated that he would serve the sanctions motion twenty-one days before filing it with the Court. This was not the only instance during this litigation in which Plaintiff has raised or threatened sanctions in communications concerning disputed litigation or discovery issues. This is a reoccurring and apparently favored topic of Plaintiff.

34. The April 7 exchange is also representative of my efforts to consolidate Plaintiff's communications. Plaintiff has, at times, sent multiple separate emails within a short period, including multiple separate emails on the same day, and has addressed related issues through separate or unrelated email threads.

35. Because of the volume and manner of these communications, I have requested on multiple occasions that Plaintiff consolidate related communications into a single email thread, and I have likewise attempted to consolidate my responses where practical. Those efforts were intended to facilitate and organize the parties' communications, not to avoid communicating or conferring with Plaintiff.

36. Wolf River has continued to participate in discovery while the parties' disputes have been pending. Wolf River has served 66 pages of written discovery responses, conferred with Plaintiff on multiple occasions, supplemented its Rule 26 disclosures, produced 164 Bates-numbered pages of responsive nonprivileged and nonconfidential documents, sought a protective order concerning confidential information, and continued to address the remaining discovery issues.

37. Neither Wolf River nor I have refused to participate in discovery or refused to confer with Plaintiff. The parties have disagreed regarding the scope of certain discovery requests, the sufficiency of certain objections and responses, the protection of confidential information, and attorney-client privilege and work-product protection.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 24, 2026

*Nicholas J. Kasprowicz*

Nicholas J. Kasprowicz #403808
General Counsel
Wolf River Electric
100 Isanti Parkway NE
Isanti, MN 55040
Office: (612) 305-8410
Nick@wolfriverelectric.com
**Attorney for LTL LED LLC**

# EXHIBIT A

Nick Kasprowicz <nick@wolfriverelectric.com>

# Re: Response to Emails and Allegations - Meet and Confer

1 message

**Nick Kasprowicz** <nick@wolfriverelectric.com> Wed, Apr 8, 2026 at 5:00 PM
To: Alex von Brandenfels <alex.brandenfels@gmail.com>
Cc: Jessica Thole <jessica@wolfriverelectric.com>

Mr. von Brandenfels,

Please use the following address for service:

100 Isanti Parkway NE
Isanti, MN 55040

Please do not send mail to 101 Suite G, as that is an old address and no one is available there to accept service.

GO SOLAR
WOLF RIVER ELECTRIC

GOOGLE BUSINESS REVIEWS
5.0 ★★★★★

Scan to Import Contact

**Nick Kasprowicz**
nick@wolfriverelectric.com | Phone / Text:(612) 305-8410

**Wolf River Electric**
100 Isanti Parkway Northeast Isanti MN 55040

Office: 763-229-6662

**Refer a Friend & Earn $1,000!**
Know someone interested in going solar? Refer a friend and you'll receive **$1,000** when they make the switch!

**Please note:** This email may contain confidential and/or privileged information. If you are not the intended recipient (or have received this email in error), please notify the sender immediately and destroy this email. Any unauthorized copying, disclosure, or distribution of the material in this email is strictly forbidden.

On Tue, Apr 7, 2026 at 9:29 PM Alex von Brandenfels <alex.brandenfels@gmail.com> wrote:

> I'd certainly be happy to continue discussing the matter by email, and it may turn out that that's enough for us to resolve the issue without meeting. But email correspondence wouldn't fulfill our obligation to meet and confer.
>
> I'll draft a motion for sanctions and then we can go from there. I think that's more fitting than a motion to strike in this case, and also it doesn't have the same time limitations. If this ends up stretching out past your deadline to amend, we can always just stipulate for your leave to amend.
>
> Incidentally, since I must serve you with the sanctions motion 21 days before filing it with the court, I can't serve it via the ECF. For matters served outside the ECF, would you prefer to be served by mail or over email?
>
> On Tue, Apr 7, 2026 at 7:53 PM Nick Kasprowicz <nick@wolfriverelectric.com> wrote:
>
>> Mr. Von Brandenfels,

I am in receipt of your three emails, two of which are quite lengthy, and I will do my best to respond here to all three.

Based on your emails and our discussion, I do not agree that Defendant's Answer violates Rules 8 or 11, and I do not agree to amend.

With respect to paragraphs 19-25 and 53, I disagree with your characterization of Defendant's responses and reject your assertion that any false statement was made to the Court. The Answer was made in good faith and based on the information reasonably available at the time.

Each time the Answer stated that Defendant lacks sufficient information at this time to either admit or deny the allegations therein, and therefore denies the same and puts Plaintiff to its strictest burden of proof thereon, that response was supported by the facts, the allegations and language used in your Complaint, and the law.

During our approximately hour-long conversation, you inquired not only about WRE's Answer and its responses to particular paragraphs, but also about the evidence in WRE's possession and the evidence I had readily available and before me to discuss with you. Discovery has not yet occurred in this matter, and the case is still in its infancy. Please do not misconstrue WRE's Answer with the present status of discovery in this case.

I also do not agree with your interpretation of our discussion concerning the CRM, nor do I agree with your conclusion that Rules 8, 11, or Rule 3.3 have been violated. It may also be that the CRM you are accustomed to using or seeing differs from WRE's.

With respect to paragraphs 27-32, I reject your suggestion that Defendant failed to make an inquiry reasonable under the circumstances. Defendant's responses were made in good faith and based on the information reasonably available at the time.

I am also not sure why you assume or suggest that my client has not looked you up. Your assertion on that point is unfounded.

I will not, by email or otherwise, disclose my mental impressions, legal reasoning, communications with my client, investigative process, or the scope of materials reviewed in preparing the Answer. Those subjects are protected by attorney-client privilege, the work-product doctrine, and other applicable protections.

Any properly discoverable facts bearing on those allegations can be addressed through discovery in due course.

With respect to paragraphs 43, 46, 54, 55, and 62, I reject your suggestion that those responses were improper or require amendment. Defendant's responses were made in good faith, are supported by the allegations and wording of your Complaint, and are consistent with applicable law.

I will not provide a paragraph-by-paragraph advisory opinion by email as to why each response was phrased the way it was, nor will I disclose my mental impressions, legal reasoning, communications with my client, investigative process, or the materials reviewed in preparing the Answer. Those matters are protected to the extent applicable by attorney-client privilege, work-product doctrine, and other protections.

The Answer speaks for itself, and I do not agree that amendment is warranted as to paragraphs 43, 46, 54, 55, or 62.

With respect to your email regarding TCPA treble damages, I am not going to brief the issue for you by email or respond point-by-point to the authorities you cite. To the extent you believe those cases support your position, you are free to present that argument at the appropriate time. Defendant does not agree with your characterization of the governing standard, your characterization of the facts, or your conclusion that treble damages would be warranted here.

I also expressly reject your characterization of our prior discussion. Your account is inaccurate, takes statements out of context, and attempts to spin the conversation to fit your own purposes. I do not agree with your description of what I said, and I do not agree that your retelling of the discussion fairly or accurately reflects the substance of that conversation.

That is especially true where our discussion occurred in the context of Rule 408 settlement negotiations and communication. To the extent our conversation involved compromise discussions, settlement positions, or attempts to resolve disputed issues, your effort to selectively recast statements from that discussion to support your present arguments is improper. I do not agree that your email fairly presents that discussion or that it can properly be used in the manner you suggest.

In any event, your email again assumes disputed facts and presents them as established. Defendant does not accept your assertion that WRE engaged in the conduct as you describe, nor does Defendant agree that you have

established any knowing or willful violation.

If you intend to pursue that theory, you may do so in the ordinary course. I do not intend to further litigate that issue by email.

I do not have availability for a call in the next few weeks. My calendar is fully booked, including previously scheduled military leave, together with related preparation and travel. My first current opening is April 23, which is also filling quickly. After that, I will again be on military leave and expect to return on May 11.

In light of that schedule, I ask that we meet-and-confer by email.


Wolf River Electric

5.0 Google Reviews
Image
Scan to Import Contact

**Nick Kasprowicz**

nick@wolfriverelectric.com | Phone / Text:(612) 305-8410

**Wolf River Electric**
101 Isanti Parkway Northeast Suite G Isanti MN 55040

Office: 763-229-6662



**Refer a Friend & Earn $1,000!**
Know someone interested in going solar? Refer a friend and you'll receive **$1,000** when they make the switch!

facebook icon twitter icon pinterest icon linkedin icon instagram icon youtube icon

**Please note:** This email may contain confidential and/or privileged information. If you are not the intended recipient (or have received this email in error), please notify the sender immediately and destroy this email. Any unauthorized copying, disclosure, or distribution of the material in this email is strictly forbidden.

# EXHIBIT B

WOLF RIVER ELECTRIC

Nick Kasprowicz <nick@wolfriverelectric.com>

# Re: Initial Disclosures

1 message

**Nick Kasprowicz** <nick@wolfriverelectric.com> Tue, Apr 28, 2026 at 7:16 PM
To: Alex von Brandenfels <alex.brandenfels@gmail.com>
Cc: Jessica Thole <jessica@wolfriverelectric.com>

Your request to provide addresses for WRE's managers identified in the disclosures is rejected. They are represented by me, and any service for such may be made on me.

As for email service, we have not stipulated to that, regardless of your request or email.

GO SOLAR WOLF RIVER ELECTRIC

GOOGLE BUSINESS REVIEWS 5.0 ★★★★★

Scan to Import Contact

**Nick Kasprowicz**

nick@wolfriverelectric.com | Phone / Text:(612) 305-8410

**Wolf River Electric**
100 Isanti Parkway Northeast Isanti MN 55040

Office: 763-229-6662

**Refer a Friend & Earn $1,000!**
Know someone interested in going solar? Refer a friend and you'll receive **$1,000** when they make the switch!

**Please note:** This email may contain confidential and/or privileged information. If you are not the intended recipient (or have received this email in error), please notify the sender immediately and destroy this email. Any unauthorized copying, disclosure, or distribution of the material in this email is strictly forbidden.

On Tue, Apr 28, 2026 at 6:28 PM Alex von Brandenfels <alex.brandenfels@gmail.com> wrote:

> Thanks! I appreciate the courtesy email copy, but just FYI, I have indicated in writing that I will accept service via email, so you don't need to go to the trouble of physically mailing things.
>
> Unfortunately, your disclosures do not comply with Rule 26.
>
> As you note in the document, you are required to disclose "if known, the address and telephone number of each individual". WFR certainly knows the addresses of its employees, as well as likely their telephone numbers. If I'm interpreting correctly, your position in this document is that Nick's contact information serves the role of "the address and telephone number of each individual" on the basis that he represents them. I understand where you're coming from, but this is not a valid application of the rules.
>
> One of the main purposes of providing the contact information of the people in disclosures is so that the other party knows where to serve them with subpoenas. Rule 45(b) does not permit serving a subpoena on a person's attorney; it requires "delivering a copy *to the named person*". So I must ask you to amend your disclosures to include the required contact information of the individuals, so that I'm able to serve them with subpoenas if necessary.
>
> Also, you are required to disclose "the subjects of [the] information" possessed by the individuals that you may use to support WRF's claims or defenses, and your boilerplate statement that each person "may have information regarding

Plaintiff's claims and Defendant's defenses" does not fulfill this requirement. I already know that they "may have information regarding Defendant's defenses" on the basis that they're included in your disclosures. You're required to disclose the *subject of* the information they may have WFR's defenses, and have not done so.

Please amend your disclosures to include these things.

**Note that under Rule 37(c), failure to make proper disclosures is sanctionable, and may potentially cause WFR to "not [be] allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial".**

On Tue, Apr 28, 2026 at 5:06 PM Jessica Thole <jessica@wolfriverelectric.com> wrote:

> Mr. von Brandenfels,
>
> Please see the attached Certificate of Service and Wolf River Electric's Initial Disclosures which were served via US Mail today.
>
> Thank you,
> --

Wolf River Electric

5.0 Google Reviews

Image

Scan to Import Contact

**Jessica Thole**

jessica@wolfriverelectric.com | Phone / Text:612-215-7171

**Wolf River Electric**
100 Isanti Parkway Northeast Isanti MN 55040

Office: 763-229-6662

**Refer a Friend & Earn $1,000!**
Know someone interested in going solar? Refer a friend and you'll receive **$1,000** when they make the switch!

facebook icon twitter icon pinterest icon linkedin icon instagram icon youtube icon

**Please note:** This email may contain confidential and/or privileged information. If you are not the intended recipient (or have received this email in error), please notify the sender immediately and destroy this email. Any unauthorized copying, disclosure, or distribution of the material in this email is strictly forbidden.

# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Alexander von Brandenfels,

Plaintiff,

vs.

LTL LED, LLC d/b/a Wolf River Electric,

Defendant.

Court File No.: 0:26-cv-01559-ECT/DTS

**DEFENDANT'S RULE 26(e) DISCLOSURES**

---

Defendant, LTL LED, LLC d/b/a Wolf River Electric, provides the following Supplemental Disclosures pursuant to Rule 26(e) of the Federal Rules of Civil Procedure. These Disclosures are based upon information reasonably available to Defendant as of the date of said Disclosures. Defendant reserves the right to supplement its Disclosures as discovery and investigation proceeds in this case.

Defendant's Supplemental Disclosures are made based on information presently known and reasonably available, and are expressly subject to all applicable objections, privileges, and protections, including without limitation objections based on relevance, privilege, work product, hearsay, proportionality, undue burden, and admissibility. By making these disclosures, Defendant does not waive any objection or privilege, nor does Defendant admit the relevance, discoverability, or admissibility of any information or documents identified herein. Nothing in these Supplemental Disclosures shall be construed as an admission of fact, liability, or wrongdoing.

i. The name and, if known, the address and telephone number of each individual likely to have discoverable information – along with he subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment:

**a. Justin Nielsen** is the General Manager of LTL LED, LLC, who may have information regarding Plaintiff's claims and Defendant's defenses, including Defendant's management and business operations; Defendant's sales and customer-contact operations; Defendant's policies and practices governing communications with customers and prospective customers; Defendant's CRM, calling, and customer-management systems; Plaintiff's communications, complaints, demands, and prior litigation against Defendant; Defendant's receipt, investigation, and response to Plaintiff's allegations; actions taken or directed concerning Plaintiff and telephone numbers associated with Plaintiff, including blocking, suppression, or restriction of further communications; and Defendant's policies and practices concerning consent, do-not-contact requests, customer communications, and regulatory compliance. Mr. Nielsen's business address is LTL LED, LLC d/b/a Wolf River Electric, 100 Isanti Parkway Northeast, Isanti, Minnesota 55040, and his business telephone number is (763) 229-6662. Mr. Nielsen is represented by counsel and may be contacted by and through the undersigned.

**b. Drake Dammann** is the Sales Operations Manager of LTL LED, LLC, who may have information regarding Plaintiff's claims and Defendant's defenses, including Defendant's sales operations; management and supervision of sales personnel; the practices and procedures used by sales personnel to communicate with customers and prospective customers; use of Defendant's CRM, calling, lead-management, and customer-management systems; implementation of Defendant's customer-contact policies; employee training and manager-led reinforcement of policies concerning calling, consent, do-not-call requirements, and telemarketing compliance; actions taken concerning Plaintiff and telephone numbers associated with Plaintiff; and procedures for restricting, suppressing, blocking, or otherwise preventing calls to telephone numbers that should not be contacted. Mr. Dammann's business address is LTL LED, LLC d/b/a Wolf River Electric, 100 Isanti Parkway Northeast, Isanti, Minnesota 55040, and his business telephone number is (763) 229-6662. Mr. Dammann is represented by counsel and may be contacted by and through the undersigned.

**c. Dimitri Orlov** is the Sales Operations Assistant Manager of LTL LED, LLC, leads Defendant's information technology department, and serves as Defendant's records custodian. Mr. Orlov may have information regarding Plaintiff's claims and Defendant's defenses, including Defendant's information technology infrastructure; CRM, calling, lead-management, customer-management, and other business software systems; the manner in which Defendant's electronic and business records are created, maintained, stored, retained, searched, retrieved, preserved, and produced; Defendant's record-retention and preservation practices; records concerning Plaintiff and telephone numbers associated with Plaintiff; calling or customer-contact activity reflected in Defendant's business systems; the ownership, use, configuration, and operation of Defendant's software and information systems; do-not-call, suppression, blocking, or contact-restriction controls within Defendant's software; searches for and retrieval of records

concerning Plaintiff and the communications alleged by Plaintiff; the existence, location, authenticity, maintenance, and custody of Defendant's business records and electronically stored information; and other facts concerning Defendant's information systems, recordkeeping practices, and defenses. Mr. Orlov's business address is LTL LED, LLC d/b/a Wolf River Electric, 100 Isanti Parkway Northeast, Isanti, Minnesota 55040, and his business telephone number is (763) 229-6662. Mr. Orlov is represented by counsel and may be contacted by and through the undersigned.

**d. Devon McCaffrey** is the Director of Sales of LTL LED, LLC, who may have information regarding Plaintiff's claims and Defendant's defenses, including the management and operation of Defendant's sales organization; supervision and training of sales personnel; policies, procedures, and practices governing outbound communications with customers and prospective customers; sales personnel's use of Defendant's CRM, calling, and customer-management systems; procedures concerning consent, do-not-call and do-not-contact requests, and customer communications; employee training concerning telemarketing and regulatory compliance; manager-led reinforcement of Defendant's policies; and other facts concerning Defendant's sales practices and defenses. Mr. McCaffrey's business address is LTL LED, LLC d/b/a Wolf River Electric, 100 Isanti Parkway Northeast, Isanti, Minnesota 55040, and his business telephone number is (763) 229-6662. Mr. McCaffrey is represented by counsel and may be contacted by and through the undersigned.

**e. Josh Latimer** is a Senior Sales Associate and Interim Sales Manager of LTL LED, LLC, who may have information regarding Plaintiff's claims and Defendant's defenses, including Defendant's sales practices and procedures; the manner in which sales representatives communicate with customers and prospective customers; the manner in which outbound calls are initiated by sales personnel; sales representatives' use of Defendant's CRM, calling, and customer-management systems; training and procedures applicable to customer communications; practices concerning consent, do-not-call and do-not-contact requests, and telephone-number suppression; and other facts concerning the practices followed by Defendant's sales personnel and Defendant's defenses. Mr. Latimer's business address is LTL LED, LLC d/b/a Wolf River Electric, 100 Isanti Parkway Northeast, Isanti, Minnesota 55040, and his business telephone number is (763) 229-6662. Mr. Latimer is represented by counsel and may be contacted by and through the undersigned.

**f. Vladimir Marchenko** is the Chief Executive Officer of LTL LED, LLC, who may have information regarding Plaintiff's claims and Defendant's defenses, including Defendant's business and management operations; customer-acquisition and lead-generation practices; lead sources and the acquisition and management of prospective-customer information; consent information; Defendant's CRM, calling, telephony, lead-management, customer-management, and related software systems; the configuration and use of those systems; Defendant's policies and

procedures concerning consent, do-not-call and do-not-contact requests, the National Do Not Call Registry, calling practices, CRM and software controls, recordkeeping, employee training, complaint handling, quality assurance, and compliance review; the manner in which Defendant's representatives initiate outbound telephone calls; Defendant's use or non-use of artificial or prerecorded voices for outbound telephone solicitations; actions taken concerning Plaintiff and telephone numbers associated with Plaintiff; and other facts supporting Defendant's defenses. Mr. Marchenko's business address is LTL LED, LLC d/b/a Wolf River Electric, 100 Isanti Parkway Northeast, Isanti, Minnesota 55040, and his business telephone number is (763) 229-6662. Mr. Marchenko is represented by counsel and may be contacted by and through the undersigned.

**g. Alexander von Brandenfels** is the Plaintiff in this matter and may have information regarding the claims asserted against Defendant.

**h.** Those individuals identified through the Initial Disclosures of other parties.

**i.** Those individuals, known and unknown, identified by other parties through the course of discovery, or otherwise discovered through continued investigation and discovery.

ii. A copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment:

a. Lead source records and related business records which are located at Defendant's principal place of business.

b. Email correspondence and written communications between Plaintiff and Defendant which are stored electronically at Defendant's principal place of business.

c. Customer records, notes, proposals, estimates, and other records related to Plaintiff.

d. Pleadings, court filings, and related documents from prior litigation involving Plaintiff.

e. All documents, reports, correspondence, and any other materials produced by Defendant or other parties through Initial Disclosures and/or discovery responses.

f. Nonprivileged documents produced by Defendant in this action, including documents bearing Bates numbers WRE000001 through WRE000164, that Defendant may use to support its defenses.

g. Defendant reserves the right to supplement its disclosures as discovery and investigation continue.

iii. A computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered:

a. Defendant does not claim separate damages in the above-captioned matter.

iv. For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgement in the action or to indemnify or reimburse for payments made to satisfy the judgement.

a. Defendant does not have any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in this action or to indemnify or reimburse Defendant for payments made to satisfy any such judgment. Accordingly, Defendant has no insurance agreement to disclose.

Dated: August 20, 2026

**WOLF RIVER ELECTRIC**

Nicholas J. Kasprowicz

Nicholas J. Kasprowicz (0403808)
General Counsel
100 Isanti Parkway NW
Isanti, MN 55040
nick@wolfriverelectric.com
(612) 305-8410
Attorney for Defendant LTL LED, LLC
d/b/a Wolf River Electric

# EXHIBIT D

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Alexander von Brandenfels,

Plaintiff,

vs.

LTL LED, LLC, d/b/a Wolf River Electric,

Defendant.

Court File No.: 0:26-cv-01559-ECT/DTS

**CERTIFICATE OF SERVICE**

---

STATE OF MINNESOTA )
) ss.
COUNTY OF ISANTI )

I, Kate Goodmanson being first duly sworn, depose and state that on August 20, 2026, I served a true and correct copy via Court Ordered Electronic File Share on Alexander von Brandenfels at *alex.brandenfels@gmail.com*, of the following:

1. Defendant's Production of Documents to Plaintiff, Bates numbered WRE 001 – 164; and

2. Defendant's Rule 26(e) Supplemental Disclosures dated August 20, 2026.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: August 20, 2026

Kate Goodmanson

Kate Goodmanson

# EXHIBIT E

Nick Kasprowicz <nick@wolfriverelectric.com>

# Re: Nick Kasprowicz sent you a secured transfer

1 message

**Nick Kasprowicz** <nick@wolfriverelectric.com> Mon, Jul 20, 2026 at 1:05 PM
To: Alex von Brandenfels <alex.brandenfels@gmail.com>
Cc: Anna Chochrek <anna.chochrek@wolfriverelectric.com>

Alex,

With respect to the provisions concerning pro se parties, you stated that you would want the specific language regarding pro se parties removed and pro se parties treated the same as other parties. Please identify the specific provisions or language in the proposed protective order to which you object and provide the revisions or alternative language you are proposing.

You also stated that you would want the order to exclude documents whose production deadline preceded entry of the protective order. WRE cannot agree to that limitation. Whether a document contains confidential, proprietary, or private information does not depend on the date it was requested or the date its production was due. Any protective order must apply to qualifying materials produced in this action, regardless of the applicable discovery deadline.

To be clear, WRE is not taking the position that every responsive document is confidential, nor does WRE intend to designate every document as confidential. Responsive materials that do not contain confidential information will not be designated as such. The need for a protective order arises because the discovery requests seek categories of documents that include confidential information.

The fact that the identity of a software provider may not independently constitute a trade secret does not mean that all information concerning WRE's use, configuration, operation, or integration of that software is public or nonconfidential. Likewise, a contractual confidentiality provision is not the exclusive basis for protecting nonpublic commercial information under Rule 26(c).

Your concern regarding overdesignation can be addressed through the terms of the order.

WRE's request for a protective order is not intended to prevent discovery or create leverage. It is intended to establish the rules governing the disclosure and use of materials that contain legitimate customer, employee, third-party, commercial, and proprietary information before those materials are produced.

Please provide the specific revisions or alternative language you propose concerning the provisions addressing pro se parties, along with any other revisions you would like WRE to consider. WRE will review those proposals in good faith so the parties can determine whether the remaining issues can be resolved without court involvement.

GO SOLAR
WOLF RIVER ELECTRIC

GOOGLE BUSINESS REVIEWS
5.0 ★★★★★

Scan to Import Contact

**Nick Kasprowicz**
nick@wolfriverelectric.com | Phone / Text:(612) 305-8410

**Wolf River Electric**
100 Isanti Parkway Northeast, Isanti, MN 55040

Office: 763-229-6662

🌞 **Refer a Friend & Earn $1,000!**
Know someone interested in going solar? Refer a friend and you'll receive **$1,000** when they make the switch!

Beyond the Yellow Ribbon

**Please note:** This email may contain confidential and/or privileged information. If you are not the intended recipient (or have received this email in error), please notify the sender immediately and destroy this email. Any unauthorized copying, disclosure, or distribution of the material in this email is strictly forbidden.

On Mon, Jul 20, 2026 at 11:25 AM Alex von Brandenfels <alex.brandenfels@gmail.com> wrote:

If we were to have a protective order close to the one you proposed, I would want to remove the specific language about pro se parties, and just have pro se parties treated the same as other parties. I would also want the order to make it clear that production that was due prior to the order isn't covered by the order.

But I think it's premature to get into the specific language of the order, when you haven't really even tried to justify the necessity of one in the first place, despite me asking you to. Beyond conclusory statements about there being private/confidential information that must be protected, the only specific thing you've identified as confidential is the identity of the software your employer uses (which again, that doesn't seem like a trade secret to me - do your contracts with those software providers even have confidentiality provisions?).

And yes, your proposed order has procedures to challenge the designation. But overdesignation would still put me in the difficult position of either: a) asking the court to spend time analyzing the confidentiality of a bunch of documents that may not even ultimately be used in this litigation, or b) letting you get away with the overdesignation, out of consideration for the court's time.

I don't like either of those options, and your behavior so far suggests to me that you will force me into that position. I'm not trying to sling mud just for the sake of it, but your past behavior absolutely is relevant to the question of whether I should trust you to act in good faith when it comes to a protective order. If you want to discuss why I'm opposed to a protective order, you're going to have to confront this.

Even setting aside all the other stuff, let's just focus for a minute on the fact that you're withholding *all* production "pending a protective order". You have refused to take a position on whether all withheld materials are confidential, but I think clearly, some of them aren't. (For example, in our prior litigation, Mr. Boline sent me a draft motion that included screenshots of documents relating to me, without any protective order in place, so the originals of those items aren't confidential. And for another example, a document that's "available upon demand" under 47 CFR 64.1200 is by definition not confidential, because it's publicly available.) From my perspective, there are two possibilities. Either:

- You're going to take the position that all withheld documents are confidential (which is clearly overdesignation), or
- You're withholding production of documents that you *know you will not even contend are confidential*; and so intentionally violating FRCP 34, as leverage to try to get me to stipulate to an order you want.

Either way, it justifies my concern that you will abuse a protective order. If you disagree, then **would you please explain in detail either why it's reasonable to designate every single thing as confidential, or why this withholding of non-confidential material is allowed under the rules? I think without having that discussion, it's premature for you to ask me to stipulate to a protective order.**

On Mon, Jul 20, 2026, 9:57 AM Nick Kasprowicz <nick@wolfriverelectric.com> wrote:

Alex,

Thank you for clarifying that you are willing to discuss the protective order. I disagree with your characterizations of my conduct, but I do not believe that exchanging further accusations will help resolve the discovery issues.

WRE previously provided you with a proposed protective order. The proposed order includes procedures for challenging confidentiality designations and requires the designating party to support any challenged designation. Those provisions are intended to address concerns about overdesignation or misuse of the protective order.

Please let me know whether you are willing to sign and stipulate to the proposed protective order. If not, please identify any specific provisions to which you object and provide any proposed revisions or alternative language you believe would address your concerns. WRE is willing to consider reasonable changes so that the parties can finalize an appropriate protective order and proceed with discovery.

Wolf River Electric

5.0 Google Reviews
Image
Scan to Import
Contact

Wolf River Electric is a Beyond the Yellow Ribbon Company

**Nick Kasprowicz**

nick@wolfriverelectric.com | Phone / Text:(612) 305-8410

**Wolf River Electric**
100 Isanti Parkway Northeast, Isanti, MN 55040

Office: 763-229-6662

**Refer a Friend & Earn $1,000!**
Know someone interested in going solar? Refer a friend and you'll receive **$1,000** when they make the switch!

facebook icon twitter icon pinterest icon linkedin icon instagram icon youtube icon

**Please note:** This email may contain confidential and/or privileged information. If you are not the intended recipient (or have received this email in error), please notify the sender immediately and destroy this email. Any unauthorized copying, disclosure, or distribution of the material in this email is strictly forbidden.

On Mon, Jul 20, 2026 at 9:42 AM Alex von Brandenfels <alex.brandenfels@gmail.com> wrote:

> I'm not refusing to discuss it. For the past several months, you seem to have been going out of your way to avoid discussing it with *me*.
>
> You can email me whenever you want. You also have my calendar link, so you can schedule a meet and confer with me whenever you want. If you wanted a protective order, you could and should have done this months ago, before your first discovery responses were due. (To be honest, it seems to me like you intentionally avoided seeking a protective order, to engineer this excuse to withhold production.)
>
> I've already explained my opposition to a protective order, which is that I'm concerned you will abuse the protective order to create more work for me. I have this concern because of, for example:
>
> - Your open, repeated violations of the rules of civil procedure
> - Your repeated instances of what seem like attempts to create more work for me without otherwise benefiting your client
> - Your false representations to me and the court
> - The fact that you're withholding *all* production "pending a protective order" (as opposed to just a subset of documents that you contend are confidential)
>
> What reason have you given me to trust that you will act in good faith when it comes to the protective order?
>
> In all my time doing this, with every other opposing counsel, I've been able to establish a cordial relationship where we mutually try to create *less* headache for each other. I've never seen anyone so openly act in bad faith like this.
>
> On Mon, Jul 20, 2026, 8:50 AM Nick Kasprowicz <nick@wolfriverelectric.com> wrote:
>
> > Alex,
> >
> > I ask that you reconsider your refusal to discuss a stipulated protective order.
> >
> > A substantial portion of the documents and information you have requested in discovery are viewed by WRE as confidential, proprietary, or commercially sensitive.
> >
> > WRE is not seeking to prevent the production of responsive, nonprivileged information or to indiscriminately designate every document as confidential. Rather, WRE seeks a reasonable mechanism to protect legitimate confidentiality and privacy interests while allowing discovery to proceed efficiently.

A stipulated protective order would facilitate the exchange of responsive materials, protect the interests of WRE and affected third parties, and reduce the likelihood of unnecessary objections, motion practice, and delay. WRE remains willing to discuss the scope and terms of an appropriate order and to consider any specific objections or proposed revisions you may have.

Please reconsider your position and let me know whether you are willing to engage in a good-faith discussion regarding the proposed protective order.

Wolf River Electric

5.0 Google Reviews
Image
Scan to Import Contact

Wolf River Electric is a Beyond the Yellow Ribbon Company

**Nick Kasprowicz**

nick@wolfriverelectric.com | Phone / Text:(612) 305-8410

**Wolf River Electric**
100 Isanti Parkway Northeast, Isanti, MN 55040

Office: 763-229-6662

🌞 **Refer a Friend & Earn $1,000!**
Know someone interested in going solar? Refer a friend and you'll receive **$1,000** when they make the switch!

facebook icon twitter icon pinterest icon linkedin icon instagram icon youtube icon

**Please note:** This email may contain confidential and/or privileged information. If you are not the intended recipient (or have received this email in error), please notify the sender immediately and destroy this email. Any unauthorized copying, disclosure, or distribution of the material in this email is strictly forbidden.

On Wed, Jul 8, 2026 at 6:37 PM Alex von Brandenfels <alex.brandenfels@gmail.com> wrote:

That's not acceptable. It was *your* responsibility to seek a protective order if you felt one was necessary. And not only that, but it was something I reminded you about for months before your first discovery responses were due. And not only that, but it was something that Judge Schultz' order at doc. 7 suggested that you bring up at the pretrial conference [1][2], but you did not do so.

Your production is already overdue by more than a month. You don't get to skip over every opportunity to timely seek a protective order, and then use *your own failure to do so* as an excuse to withhold production beyond the deadline.

Anyway, as I've said, I'm not inclined to agree to a protective order. The only example you've shared with me of something that requires a protective order is to keep confidential the identities of the software your employer uses. That doesn't seem like a trade secret to me. Furthermore, given your pattern of consistently flouting the Federal Rules of Civil Procedure in this case so far, I'm not thrilled about the idea of giving you another mechanism to abuse to make my life more difficult (what's stopping you from just designating essentially everything as confidential?)

Now, maybe there's an unavoidable, legitimate reason for a protective order that you just haven't mentioned yet. Feel free to make the argument. But you have the burden of persuasion here. I'm not obligated to agree to something that I think you're going to abuse.

**In any case, even if we agreed on the necessity of a protective order, what I will *not* agree to is the retroactive application of the protective order to discovery requests whose deadline for response has already passed.** Why should I accept this?

[1]: "To the extent that the parties cannot reach agreement on any particular item regarding scheduling or discovery, they should set forth their separate positions in the Rule 26(f) Report for discussion at the pretrial conference."
[2]: "The parties have discussed whether they believe that a protective order is necessary to govern discovery and jointly submit a [proposed protective order/report identifying any areas of disagreement]."

On Wed, Jul 8, 2026 at 5:07 PM Nick Kasprowicz <nick@wolfriverelectric.com> wrote:

Hi Alex,

WRE will produce documents once the parties have agreed on a protective order.

Wolf River Electric

5.0 Google Reviews

Image Scan to Import Contact

**Nick Kasprowicz**

nick@wolfriverelectric.com | Phone / Text:(612) 305-8410

**Wolf River Electric**

100 Isanti Parkway Northeast, Isanti, MN 55040

Office: 763-229-6662

**Refer a Friend & Earn $1,000!**

Know someone interested in going solar? Refer a friend and you'll receive **$1,000** when they make the switch!

facebook icon twitter icon pinterest icon linkedin icon instagram icon youtube icon

**Please note:** This email may contain confidential and/or privileged information. If you are not the intended recipient (or have received this email in error), please notify the sender immediately and destroy this email. Any unauthorized copying, disclosure, or distribution of the material in this email is strictly forbidden.

On Sun, Jun 7, 2026 at 12:20 PM Alex von Brandenfels <alex.brandenfels@gmail.com> wrote:

When can I expect production of the documents?

On Sat, Jun 6, 2026 at 10:44 AM Nick Kasprowicz <nick@wolfriverelectric.com> wrote:

Below is a copy of the file transfer.

Wolf River Electric

5.0 Google Reviews

Image Scan to Import Contact

**Nick Kasprowicz**

nick@wolfriverelectric.com | Phone / Text:(612) 305-8410

**Wolf River Electric**

100 Isanti Parkway Northeast, Isanti, MN 55040

Office: 763-229-6662

**Refer a Friend & Earn $1,000!**

Know someone interested in going solar? Refer a friend and you'll receive **$1,000** when they make the switch!

facebook icon twitter icon pinterest icon linkedin icon instagram icon youtube icon

**Please note:** This email may contain confidential and/or privileged information. If you are not the intended recipient (or have received this email in error), please notify the sender immediately and destroy this email. Any unauthorized copying, disclosure, or distribution of the material in this email is strictly forbidden.

---------- Forwarded message ---------
From: **Dropbox Transfer** <no-reply@dropbox.com>
Date: Fri, Jun 5, 2026 at 3:58 PM
Subject: Nick Kasprowicz sent you a secured transfer
To: <nick@wolfriverelectric.com>

# Nick Kasprowicz sent you WRE Answers to Interrogatories njk 6.5.26.pdf + 2 more items

These files will be available until **7/15/2026 at 11:59 PM GMT-05:00**.
Questions? Ask Nick (nick@wolfriverelectric.com)

Download files

There's a password by the way
If you don't already know it, ask Nick.

Help center
Feedback
Privacy & terms

About Dropbox Transfer
Upgrade your plan

Report to Dropbox

© 2026 Dropbox