**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Alexander M Von Bradenfels,

Plaintiff,

v.

LTL LED, LLC d/b/a Wolf River Electric,

Defendant.

Case No. 26-cv-1559 (ECT/DTS)

**ORDER**

---

Wolf River Electric moves for a protective order pursuant to Federal Rule of Civil Procedure 26(c) with the intent to designate qualifying discovery materials as confidential, Dkt. No. 26. Good cause exists for the issuance of a protective order; discovery requests served in this matter seek the production of Wolf River Electric's proprietary and competitively-sensitive information.

Von Bradenfels moves to compel supplementation of Wolf River's initial disclosures, production of documents and answers to interrogatories, identification of documents withheld on the basis of privilege or other objections, and reimbursement of expenses incurred in making this motion. Dkt. No. 27 at 1.

Wolf River Electric assets (1) it has supplemented its initial disclosures to include the requested information, (2) should not be required to produce confidential materials prior to issuance of the protective order, (3) that all non-confidential documents have already been produced, and (4) that its objections to discovery requests are reasonable and not waived. It also objects to paying von Bradenfels's filing expenses.

First, addressing the initial disclosures: Counsel for Wolf River Electric stated at the hearing on this motion that the company served supplemental initial disclosures in this matter on August 20, 2026, which provide a corporate address where the witnesses,

each of whom are management-level Wolf River Electric employees or executives, may be served. Counsel further stated he represents each of the individuals included in the disclosures and that any service may be directed to his office on their behalf. As a result, to the extent von Bradenfels's motion seeks further updates to these disclosures, it is denied.

Second, von Bradenfels asks that Wolf River Electric be ordered to produce documents and answers to interrogatories sought in discovery and identify any documents withheld on the basis of privilege or other objection. Counsel for Wolf River Electric represented in briefing and during the hearing that non-privileged documents have been produced, and that additional responsive documents will be produced once the protective order issues. Dkt. No. 35 at 9-10. Given the Court's decision to grant a protective order, Wolf River Electric shall produce the remaining documents within 15 days of this Order. Further, as required by Fed. R. Civ. P. 34(b)(2)(C), to the extent that Wolf River Electric withholds documents on the basis of an objection, the response must clearly state that documents are being withheld. Any documents withheld on the basis of privilege must be identified on a privilege log as required by Fed R. Civ. P. 26(b)(5).

Wolf River Electric must amend its Answer and supplement its response to Interrogatory No. 7 within 30 days of this Order.

Based on all the files, records, and proceedings in this matter, and for the reasons outlined above and stated on the record at the hearing of this matter,

**IT IS HEREBY ORDERED:**

1. Wolf River Electric's motion for a protective order [Dkt. No. 26] is **GRANTED**.

2. Von Bradenfels's motion for the production of discovery responses [Dkt. No. 27] is **GRANTED** as described above. The motion is **DENIED** in all other respects.

3. Wolf River Electric will produce remaining documents within 15 days of this Order.

4. Wolf River Electric will amend its Answer and serve amended discovery responses within 30 days of this Order.

5. Von Bradenfels's request for costs and fees is **DENIED**.

Dated: September 3, 2026

s/ David T. Schultz
DAVID T. SCHULTZ
United States Magistrate Judge